## SECRETARY OF THE NAVY *v.* AVRECH

No. 72–1713.   Argued February 20, 1974—Decided July 8, 1974

*Solicitor General Bork* argued the cause for appellant. With him on the brief were *Assistant Attorney General Petersen, Deputy Solicitor General Friedman, Allan A. Tuttle,* and *Jerome M. Feit.*

*Dorian Bowman* argued the cause for appellee. With him on the brief was *David Rein.**

PER CURIAM.

Appellee Mark Avrech was convicted by a special court-martial on charges of having violated Art. 80 of the Uniform Code of Military Justice, 10 U. S. C. § 880. The specification under Art. 80, which punishes attempts to commit offenses otherwise punishable under the UCMJ, charged an attempt to commit an offense under the first and second clauses of Art. 134, 10 U. S. C. § 934, namely, an attempt to publish a statement dis-

---

*\*Marvin M. Karpatkin* and *Thomas M. Comerford* filed a brief for the Association of the Bar of the City of New York as *amicus curiae* urging affirmance.

loyal to the United States to members of the Armed Forces "with design to promote disloyalty and disaffection among the troops."

Upon conviction, appellee was sentenced to reduction in rank to the lowest enlisted grade, forfeiture of three months' pay, and confinement at hard labor for one month. The commanding officer suspended the confinement, but the remainder of the sentence was sustained by the Staff Judge Advocate and the Judge Advocate General of the Navy. Appellee was subsequently given a bad-conduct discharge after an unrelated second court-martial conviction.

In December 1970, appellee brought this action in the United States District Court for the District of Columbia, asserting jurisdiction under 5 U. S. C. §§ 701–706, 28 U. S. C. § 1331, and 28 U. S. C. § 1361. He claimed that Art. 134 was unconstitutionally vague and overbroad on its face and as applied, that his statement was protected speech, and that he was convicted without sufficient evidence of criminal intent. He sought an order declaring his Art. 80 conviction invalid and requiring the Secretary of the Navy to expunge any record of his conviction and to restore all pay and benefits lost because of the conviction. After the District Court denied relief, the Court of Appeals reversed, holding that Art. 134 is unconstitutionally vague. 155 U. S. App. D. C. 352, 477 F. 2d 1237 (1973). We noted probable jurisdiction. 414 U. S. 816 (1973). Following oral argument on the merits, we directed counsel to file supplemental briefs on the issues of the jurisdiction of the District Court and the exhaustion of remedies.

Without the benefit of further oral argument, we are unwilling to decide the difficult jurisdictional issue which the parties have briefed. Assuming, *arguendo*, that the District Court had jurisdiction under the circumstances of this case to review the decision of the court-martial, our

decision in *Parker* v. *Levy,* 417 U. S. 733 (1974), would require reversal of the Court of Appeals' decision on the merits of appellee's constitutional challenge to Art. 134. We believe that even the most diligent and zealous advocate could find his ardor somewhat dampened in arguing a jurisdictional issue where the decision on the merits is thus foreordained. We accordingly leave to a future case the resolution of the jurisdictional issue, and reverse the judgment of the Court of Appeals on the authority of *Parker* v. *Levy, supra.* See *United States* v. *Augenblick,* 393 U. S. 348 (1969); *Schneckloth* v. *Bustamonte,* 412 U. S. 218, 249 (1973).

MR. JUSTICE STEWART, concurring in the judgment.

I indicated my view in *Parker* v. *Levy,* 417 U. S. 733, 773, that Art. 134 of the Uniform Code of Military Justice, 10 U. S. C. § 934, is unconstitutionally vague. However, my view did not prevail in *Parker,* where the Court upheld the general articles against constitutional attack. Given that result, which controls the merits of the appellee's substantive claims here, I agree that it would be inappropriate to require further argument of the jurisdictional issues in this case. Consequently, I am content to leave those issues for another day, and concur in the judgment of the Court.

MR. JUSTICE DOUGLAS, dissenting.

Appellee was convicted of an attempt to publish a statement disloyal to the United States to members of the Armed Forces "with design to promote disloyalty and disaffection among the troops." Article 80 of the Uniform Code of Military Justice, 10 U. S. C. § 880, covers the attempt; and Art. 134, 10 U. S. C. § 934, covers the substantive offense.

Appellee was on active duty in Vietnam in a combat zone and like most soldiers on night duty had a lot of time on his hands. He typed the following statement:

"It seems to me that the South Vietnamese people could do a little for the defense of their country. Why should we go out and fight their battles while they sit home and complain about communist aggression. What are we, cannon fodder or human beings? . . . The United States has no business over here. This is a conflict between two different politically minded groups. Not a direct attack on the United States. . . . We have peace talks with North Vietnam and the V. C. That's just fine and dandy except how many men died in Vietnam the week they argued over the shape of the table? . . . Do we dare express our feelings and opinions with the threat of court-martial perpetually hanging over our heads? Are your opinions worth risking a court-martial? We must strive for peace and if not peace then a complete U. S. withdrawal. We've been sitting ducks for too long. . . ."

His plan was to have the mimeograph operator make copies which he could distribute. But the operator instead turned it over to a superior officer and a court-martial followed. Appellee, a private first class, was reduced to the lowest enlisted grade, deprived of three months' pay, and confined for one month to hard labor. The commanding officer suspended the confinement, and the remainder of the sentence was sustained on review. This suit, asserting federal rights, was brought on the ground, among other things, that he was punished for protected speech. I think that claim has merit; and I would affirm the Court of Appeals.

Soldiers, lounging around, speak carefully of officers who are within earshot. But in World War I we were free to lambast General "Black Jack" Pershing who was distant, remote, and mythical. We also groused about the bankers' war, the munitions makers' war in which we had volunteered. What we said would have offended our military superiors. But since we could write our Congressmen or Senators about it, we saw no reason why we could not talk it out among ourselves.

Talk is, of course, incitement; but not all incitement leads to action. What appellee in this case wrote out with the purpose of showing to the marines in his unit, might, if released, have created only revulsion. Or it might have produced a strong reaction. Conceivably more might have shared his views. But he was not setting up a rendezvous for all who wanted to go AWOL or laying a dark plot against his superior officers. He was attempting to speak with his comrades in arms about the oppressive nature of the war they were fighting. His attempt, if successful, might at best have resulted in letters to his family or Congressman or Senators who might have read what he said to local people or have published the letters in newspapers or made them the subject of debate in legislative halls.

Secrecy and suppression of views which the Court today sanctions increases rather than repels the dangers of the world in which we live. I think full dedication to the spirit of the First Amendment is the real solvent of the dangers and tensions of the day. That philosophy may be hostile to many military minds. But it is time the Nation made clear that the military is not a system apart but lives under a Constitution that allows discussion of the great issues of the day, not merely the trivial ones—subject to limitations as to time, place, or occasion but never as to control.

The steps we take in *Parker* v. *Levy,* 417 U. S. 733, and in this case are backward steps measured by the standards of an open society.*

I dissent from a reversal of this judgment.

Mr. Justice Marshall, with whom Mr. Justice Brennan joins, dissenting.

The Court's decision in *Parker* v. *Levy,* 417 U. S. 733 (1974), establishes that the Court of Appeals erred in overturning appellee's court-martial conviction on the basis of the unconstitutional vagueness of Art. 134. In these circumstances, I agree that this case does not present an appropriate vehicle for this Court's consideration of the substantial jurisdictional issues presented. Appellee also claimed, however, that Arts. 80 and 134, as applied to his case, infringed his First Amendment rights, claims rejected by the District Court but never

---

*J. Robert Oppenheimer, cruelly cast into the outer darkness by the Atomic Energy Commission in its notorious "witch hunt," said on Edward R. Murrow's TV show "See It Now" in January 1955:

"The trouble with secrecy is that it denies to the government itself the wisdom and the resources of the whole community, of the whole country, and the only way you can do this is to let almost anyone say what he thinks—to try to give the best synopses, the best popularizations, the best mediations of technical things that you can, and to let men deny what they think is false—argue what they think is false, you have to have a free and uncorrupted communication.

"And this is—this is so the heart of living in a complicated technological world—it is so the heart of freedom that that is why we are all the time saying, 'Does this really have to be secret?' 'Couldn't you say more about that?' 'Are we really acting in a wise way?' Not because we enjoy chattering—not because we are not aware of the dangers of the world we live in, but because these dangers cannot be met in any other way.

"The fact is, our government cannot do without us—all of us." C. Curtis, The Oppenheimer Case, The Trial of a Security System 181 (1955).

passed upon by the Court of Appeals because of that court's holding as to the vagueness of Art. 134. See 155 U. S. App. D. C. 352, 354, 477 F. 2d 1237, 1239 (1973). I think it inappropriate for this Court to pass on these claims without the benefit of the Court of Appeals' consideration in the first instance. I would therefore vacate the judgment of the Court of Appeals and remand for reconsideration of the jurisdictional questions and the merits in light of *Parker* v. *Levy.*