**Marshel WILLIAMSON, plaintiff,**

**v.**

**The SECRETARY OF the NAVY et al.,
Defendants.**

**Civ. A. No. 74–321.**

United States District Court,
District of Columbia.

May 14, 1975.

David Rein, Washington, D. C., for plaintiff.

Michael A. Katz, Asst. U. S. Atty., for defendants.

CHARLES R. RICHEY, District Judge.

## I. INTRODUCTION

In October, 1972, plaintiff was charged with the offense of possession of marijuana in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934. This section prohibits conduct which is "prejudicial to good order and discipline" or which is "of a nature to bring discredit upon the armed forces." The evidence against him was the marijuana found in his locker during a search which plaintiff claims was in violation of his fourth amendment rights. Plaintiff was convicted, the sentence approved by the Convening Authority, affirmed by the Navy Court of Military Review, and a petition of review of the decision was denied by the U. S. Court of Military Appeals on January 15, 1974.

Plaintiff brought this action on February 21, 1974, based on violations of his constitutional rights, i. e. that Article 134 of the Uniform Code of Military Justice ("UCMJ") is unconstitutional on its face and as applied, and that plaintiff's conviction was based on evidence seized in violation of the fourth amendment. He seeks the following relief: declaration of the invalidity of the military conviction, expungement of the military records of the conviction, restoration of pay and benefits lost via the conviction, and vacation of plaintiff's bad conduct discharge from the military.

## II. JURISDICTION OF THE COURT

■ This Court has subject matter jurisdiction under 28 U.S.C. § 1331 to review a military court martial in order to inquire into constitutional errors of the military tribunal and to determine whether military rulings conform to Supreme Court standards. Kauffman v. Sec. of the Air Force, 135 U.S.App.D.C. 1, 415 F.2d 991, cert. denied, 396 U.S. 1013, 90 S.Ct. 572, 24 L.Ed.2d 505 (1969). The government argues that Kauffman should not be followed by this Court, but its arguments were rejected by this circuit's court of appeals in Homcy v. Resor, 147 U.S.App.D.C. 277, 455 F.2d 1345 (1971). The government cites Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 as an intervening Supreme Court decision which may cast doubt on Kauffman, but this Court concludes that close reading reveals that Kauffman is still good law in this circuit.

## III. THERE IS NO GENUINE ISSUE AS TO THE MATERIAL FACTS IN THIS CASE.

Both parties agree that there is no dispute as to the facts in this case. In fact, the plaintiff adopts the government's statement of the material facts except that the plaintiff would include certain facts in items 9 and 11 of the government's statement of the facts. These inclusions are supported by af-

fidavit of the plaintiff and the government agreed to accept those inclusions at the oral hearing on this summary judgment motion.

## IV. PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

■ While plaintiff completed the military appellate process in attacking his court martial and his conviction is final, the government claims that he has not exhausted his military remedies. The government argues that plaintiff could apply for relief from the Navy Discharge Review Board, and if relief were not granted there, to the Board for Correction of Naval Records. *See* 10 U.S.C. §§ 1552–53; 32 C.F.R. Parts 723–24. While both boards may review the bad conduct discharge awarded at the special court martial, the government concedes that neither board is empowered to review plaintiff's court martial conviction as such and award the full relief which plaintiff seeks from this Court. Therefore, this Court concludes that plaintiff has effectively exhausted his military remedies.

## V. PLAINTIFF HAS NOT WAIVED HIS RIGHT TO RAISE IN THIS COURT THE ISSUE OF THE CONSTITUTIONALITY OF THE SEARCH.

The government argues that plaintiff cannot raise the issue of the illegal search and seizure at this time because, although the issue was raised at trial, appellate defense counsel did not raise it on appeal before the military appellate courts. Thus, the government argues that this is a waiver of plaintiff's right to raise the issue here.

■ However, as plaintiff points out in Angle v. Laird, 429 F.2d 892 (10th Cir. 1970), cited and relied on by the government, the test for waiver on collateral review of a military conviction is the same as on collateral review of a conviction in the state court, i. e. whether or not a defendant has deliberately by-passed an issue for some strategical or tactical reason. The test for determining a deliberate by-pass was stated by the Supreme Court in Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963): "[The issue is whether the defendant] after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical or any other reason that can fairly be described as the deliberate by-passing of state procedures." *See also* Henry v. Mississippi, 379 U.S. 443, 350, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). The Supreme Court added in *Fay* that, in order to support a finding of waiver, the evidence must satisfy the test as recited in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), i. e. "an intentional relinquishment or abandonment of a known right or privilege" as the result of a "considered choice of the petitioner." Subsequently in Humphrey v. Cady, 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972), the Court held that a waiver by a defendant because of a failure to appeal in a state court "must be the product of an understanding and knowing decision by the petitioner himself, who is not necessarily bound by the decision or default of his counsel." In order to hold that the defendant has waived his rights it is necessary that there be a finding of a "knowing and intelligent waiver on the part of petitioner himself." 405 U.S. at 517, 92 S.Ct. at 1056.

■ The facts in this case, which have been adopted by both parties, show that the plaintiff *did not* make the decision to by-pass his military appellate remedies. His counsel apparently made that decision without consulting plaintiff. Thus, the Court finds that there has been no waiver by the plaintiff to raise the issue, and that therefore the issue is properly before the Court.

## VI. THE RULINGS BY THE MILITARY TRIBUNAL CONFORM TO STANDARDS OF THE UNITED STATES SUPREME COURT, AND THUS THE COURT MARTIAL CONTAINED NO CONSTITUTIONAL ERROR.

First, with respect to the plaintiff's claim that Article 134 of the UCMJ is constitutionally invalid, plaintiff now concedes that this issue has been settled against him by the Supreme Court in Parker v. Levy, 417 U.S. 733, 94 S. Ct. 2547, 41 L.Ed.2d 439 (1974), and Sec. of the Navy v. Avrech, 418 U.S. 676, 94 S.Ct. 3039, 41 L.Ed.2d 1033 (1974).

Second, plaintiff contends that the search herein was in violation of his fourth amendment rights. The government argues that the search was consented to by the plaintiff and was therefore valid. Plaintiff said that even though he did consent when asked by the officer-in-charge for permission to search, plaintiff consented *only* because he believed that the officers would have searched even if plaintiff had not consented. In effect, plaintiff is arguing that his consent was not voluntary and knowing, i. e. that his consent was "mere words."

■ Whether consent to a search is voluntary (thus making the search constitutionally valid) is a mixed question of law and fact "to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed. 2d 854 (1973). The circumstances of this consent are recounted by the plaintiff in its memorandum in support of summary judgment at page 5; defendant's statement of the circumstances is stated at page 1 of its memorandum in opposition to plaintiff's motion for summary judgment. The Court has carefully considered the plaintiff's testimony during court martial on this point.

■ The Court's judgment is that the totality of the circumstances indicates that the consent by plaintiff was voluntary, and that therefore the search was valid under the fourth amendment. Plaintiff's consent was unequivocal, and he admitted in the court-martial that he voluntarily consented and that he understood the consequences of giving consent.

The Court rejects plaintiff's argument that his subjective belief, that the officer-in-charge would search notwithstanding plaintiff's nonconsent, is legally significant. Plaintiff's consent would be "mere words" and thus of no legal effect only if his belief were a *reasonable* belief; that is, an objective standard must be applied to plaintiff's conduct. Any thought that plaintiff might have had that the officer-in-charge would not comply with the plaintiff's nonconsent (had he withheld consent), was an unreasonable belief. Plaintiff's conduct does not meet the objective standard, since the officer-in-charge said nothing to indicate that he was not going to comply with the plaintiff's desire if plaintiff had withheld his consent, and the officer apparently did not pressure the plaintiff to consent.

This Court finds that the court-martial "fully and fairly" tried the entire issue of whether the plaintiff consented to the search. The court-martial found against the plaintiff on that issue. Moreover, this Court's re-examination of the issue leads this Court to the same conclusion.

Finally, the government further argues that even if the search was not consented to, the officer had probable cause to believe that an infraction of the rules had occurred. Such probable cause would serve as an independent ground for finding the search constitutionally valid. In view of the Court's finding on the consent issue, an examination of this issue is unnecessary,

since consent will fully support the search.

For these reasons, the government's motion for summary judgment must be granted. An order of even date will be entered in accordance with this opinion.