524 F.2d 328
 Colonel Gerald V. KEHRLI, United States Air Force (Ret.), Appellant,
v.
Colonel Homer R. SPRINKLE, Commandant, United States
Disciplinary Barracks,Fort Leavenworth, Kansas, Appellee.
 Nos. 72-1649, 74-1032.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 20, 1975.
 
 Joel M. Gora, Am. Civ. Liberties Union Foundation, New York City (Melvin L. Wulf, Am. Civ. Liberties Union Foundation, New York City, and Scott Jarvis, Topeka, Kan., with him on the brief), for appellant.
 Guido J. Casari, Major, Office of The Judge Advocate Gen., United States Air Force (Robert J. Roth, U. S. Atty., Bruce E. Miller and Mary K. Beck, Asst. U. S. Attys., and Bryan M. Caldwell, Captain, USAF, Office of The Judge Advocate General, of counsel, with him on the brief), for appellee.
 Before HILL, SETH and HOLLOWAY, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 Colonel Kehrli stands convicted by a general court-martial of three specifications of use of marijuana, two specifications of transfer of marijuana (contemporaneous with two of the episodes of use), and one specification of possession of marijuana, in violation of Article 134 of the Uniform Code of Military Justice. 10 U.S.C. § 934. Trial was held in Vietnam and Colonel Kehrli was sentenced to three years at hard labor plus a fine of $15,000 or another year's confinement at hard labor in lieu of the fine.
 
 
 2
 His conviction was reviewed by a Staff Judge Advocate and the United States Air Force Court of Military Review affirmed the conviction. The United States Court of Military Appeals denied his petition for grant of review.
 
 
 3
 At the time of his court-martial Colonel Kehrli was commanding officer of the 616th Military Airlift Support Squadron, a division of the Seventh Air Force, stationed at Tan Son Nhut Air Base near Saigon.
 
 
 4
 Having exhausted all avenues of military review, Kehrli began service of his sentence at the United States Disciplinary Barracks, Leavenworth, Kansas.
 
 
 5
 Colonel Kehrli filed a petition for a writ of habeas corpus with the United States District Court for the District of Kansas listing fifteen claims of error in his military conviction. The court denied his petition, and its opinion discussed six of the points raised. The court determined that the other points had been fully and fairly considered by the military courts and were thus beyond the scope of review permitted to the district court.
 
 
 6
 Kehrli appealed to this court (No. 72-1649), raising six issues for review. Five of those points contain the fifteen points raised in the district court, with one additional point concerning the scope of review. Just prior to oral argument in this court, the United States Court of Appeals for the District of Columbia Circuit held Article 134 of the Uniform Code of Military Justice to be unconstitutional on its face. Avrech v. Secretary of Navy, 155 U.S.App.D.C. 352, 477 F.2d 1237. Shortly thereafter, the Third Circuit followed suit. Levy v. Parker, 478 F.2d 772 (3d Cir.). Counsel brought Avrech to our attention at oral argument in addition to the other points originally raised in the briefs. We remanded the case to the district court for the purpose of allowing that court to consider the question of the constitutionality of Article 134 of the UCMJ.
 
 
 7
 After full briefing of the issue, the district court again denied Kehrli's petition for writ of habeas corpus. In its opinion, the court concluded that the issue of constitutionality of Article 134 could properly be considered although it was not raised in any of the prior military or civilian proceedings. The court further held that Article 134 gave the defendant fair notice that use, transfer, and possession of marijuana was conduct proscribed thereunder. Thus the court held it was not unconstitutionally vague.
 
 
 8
 Kehrli filed an appeal from the decision of the district court on partial remand (No. 74-1032). Since there remain undecided the six issues originally raised in No. 72-1649, the two appeals have been consolidated. Briefing was suspended pending consideration by the United States Supreme Court of the Avrech and Levy decisions on writ of certiorari. The Supreme Court reversed the holdings of the Third Circuit and the District of Columbia Circuit in Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439, and Secretary of Navy v. Avrech, 418 U.S. 676, 94 S.Ct. 3039, 41 L.Ed.2d 1033. During the course of the proceedings, Kehrli has been paroled and it appears that the confinement portion of his sentence has been commuted to two years, although he is still paying the fine imposed.
 
 
 9
 Briefly stated the acts for which Kehrli was convicted involved the use of marijuana in the presence of enlisted members of his command, and transfer of marijuana to such enlisted personnel both on and off the military base.
 
 
 10
 The first point we consider on this appeal is the proper scope of habeas corpus review by a civilian court of a court-martial conviction. In his petition for a writ of habeas corpus, Kehrli raised the following points: (1) A number of irregularities in the procedures whereby the general court-martial was convened served to deprive Kehrli of due process of law. These irregularities were improper investigation under Article 32 of the UCMJ; bypassing of Kehrli's immediate commanding officer; improper influence of command policy by command officials; and convening of the court-martial by the de facto accuser, contrary to Article 22 of the UCMJ. (2) The conviction for possession of marijuana was based on evidence seized in violation of the Fourth Amendment's ban on unreasonable searches and seizures. The district court found that these points had been fully considered by the military courts during the military review process, and held that the doctrine of Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508, precluded any further review in the civilian courts.
 
 
 11
 In Burns, the Court noted that while civil courts do have habeas corpus jurisdiction over court-martial convictions, the scope of review is narrower than when a civil habeas corpus proceeding is involved, and stated:
 
 
 12
 ". . . (W)hen a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence. . . ." (346 U.S. at 142, 73 S.Ct. at 1048).
 
 
 13
 This Circuit has consistently adhered to a limited review doctrine which we consider to have been announced in Burns. We recently restated our position in King v. Moseley, 430 F.2d 732 (10th Cir.), as follows:
 
 
 14
 "In Burns v. Wilson, . . . the Court enunciated the rule that the limited function of the civil courts in reviewing a military conviction on a petition for a writ of habeas corpus, in addition to the jurisdictional issues under the prior rule, is to determine whether the military gave fair consideration to each of the petitioner's constitutional claims."
 
 
 15
 See also Smith v. McNamara, 395 F.2d 896 (10th Cir.); Kennedy v. Commandant, United States Disciplinary Barracks, 377 F.2d 339 (10th Cir.); Dixon v. United States, 237 F.2d 509 (10th Cir.).
 
 
 16
 In the case before us, we agree that the military courts gave full and fair consideration to Kehrli's claims regarding the court-martial procedures and the search and seizure. Therefore, the district court did not err in declining to consider these claims. Kehrli has presented these issues to this court for review on the merits, but such is clearly precluded.
 
 
 17
 The second point we will review is Kehrli's claim that his conviction and sentence for use and possession of marijuana violate the constitutional guarantee of equal protection, the right of privacy, and the Eighth Amendment's prohibition of cruel and unusual punishment. The district court considered these claims on the merits since they were not discussed by the military courts, although they were presented in the petition for grant of review addressed to the United States Court of Military Appeals.
 
 
 18
 The equal protection argument stems from language in the Manual for Courts-Martial which supplements the Uniform Code of Military Justice. With reference to Article 134 (10 U.S.C. § 934), paragraph 213b of the Manual states: "It is a violation of this article wrongfully to possess or use marihuana or a habit forming narcotic drug." Thus Kehrli argues that the Manual places marijuana in the same classification as habit-forming narcotics. He discusses at length the different characteristics and physiological effects of marijuana and habit-forming narcotics. Some few courts have held that classification of marijuana with habit-forming narcotics violates the principle of equal protection mandated by the Constitution. People v. McCabe, 49 Ill.2d 338, 275 N.E.2d 407; People v. Sinclair, 387 Mich. 91, 194 N.W.2d 878. Similarly, State v. Zornes, 78 Wash.2d 9, 475 P.2d 109. However, the issue is not here presented because the language quoted from the Manual for Courts-Martial, § 213b does not, in itself, support the conclusion that the military has placed marijuana in the same classification as habit-forming narcotics. Further, the penalty provisions of the Manual make it clear that marijuana is treated separately and distinctly from habit-forming narcotics. Paragraph 127c prescribes a maximum punishment for a use of marijuana at five years confinement at hard labor. A single use of habit-forming drugs carries a maximum penalty of ten years confinement at hard labor. The district court concluded that there was no classification violating the equal protection clause, and we agree.
 
 
 19
 Kehrli urges that his sentence of three years at hard labor plus a $15,000 fine or another year at hard labor for a few instances of marijuana use constitutes cruel and unusual punishment. He argues that the sentence is excessive, Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793, and that it fails to take into account society's "evolving standards of decency" concerning use of marijuana, Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630. While the sentence here may seem severe, it is within the authorized maximum sentence for the convictions. We concur in the finding of the district court that Kehrli's sentence does not contravene the Eighth Amendment's prohibition of cruel and unusual punishment.
 
 
 20
 Kehrli also argues that the use of marijuana produces relatively mild, harmless effects on the user and its regulation violates the constitutional right of privacy. The district court dismissed this argument, noting that the military certainly has a vital interest in the use of drugs by service personnel in combat zones, and on or near military installations. We uphold the district court's denial of this claim for relief.
 
 
 21
 The third major point raised for our consideration is that off-duty social use of marijuana cannot be validly prosecuted under the general article, 134. Kehrli's use of marijuana was prosecuted under that article, which states in part:
 
 
 22
 "Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial . . . ."Paragraph 213b of the Manual for Courts-Martial discusses "disorders and neglects to the prejudice of good order and discipline in the armed forces." That paragraph states:
 
 
 23
 "It is a violation of this article wrongfully to possess or use marihuana or a habit forming narcotic drug. Possession or use of marihuana or a habit forming narcotic drug may be inferred to be wrongful unless the contrary appears."
 
 
 24
 Kehrli argues that Article 134 requires that the military make an affirmative showing that his conduct in some way actually did prejudice the good order and discipline of the armed forces. He urges that no such showing was made. In so doing he has made no challenge to the jurisdiction of the court-martial but instead he simply argues that the Government failed to prove one element of the offense. The district court, considering this claim on the merits, noted the reported effects of marijuana on the user. These include loss of coordination in the limbs, increase in pulse rate, lowering of body temperature, insatiable hunger, inflammation of the mucous membranes and bronchial tubes, exhilaration of mood, loss of spatial sense, loss of timing, uncontrollable hilarity. The district court held that, considering the known effects of marijuana, it was not necessary for the prosecution to introduce direct evidence that Kehrli's use and transfer of marijuana on and near the air base in Vietnam acted to prejudice good order and discipline. We agree. The prejudice to good order and discipline, in the circumstances of this case, is evident.
 
 
 25
 As a fourth point, it is argued that the appellate review of Kehrli's conviction in the military courts was defective. Appellant states that he was not permitted to travel to consult with one of his defense counsels; that his attorney was not given extra time away from his other litigation responsibilities to prepare a brief for the Air Force Court of Review; and that the review of the Convening Authority was dated the same day as that of the Staff Judge Advocate so that it could not possibly be adequate.
 
 
 26
 Appellant had two attorneys who prepared his appeal to the Air Force Court of Military Review. They briefed and presented nine separate claims of error. The record shows that appellant's case received full consideration through the stages of military review. Additionally, as the district court noted, appellant has made no showing of actual prejudice from these alleged defects. The appellate review provided by the military court system in this case meets constitutional standards.
 
 
 27
 On our initial hearing of this appeal, as mentioned above, we remanded the case to the district court to allow that court to rule on the question of whether Article 134 of the UCMJ was unconstitutionally vague. The district court rejected the contention that the Article was unconstitutional on its face, and went on to hold that it was also not unconstitutionally applied to Colonel Kehrli in this case. Kehrli argues on this appeal following the remand that the general article, Article 134 UCMJ, is unconstitutional on its face. In the alternative he contends that it is unconstitutional as applied to him in this instance.
 
 
 28
 As we noted above, the Supreme Court reversed decisions of the District of Columbia Circuit and the Third Circuit which had held Article 134 to be unconstitutional on its face. Secretary of Navy v. Avrech, 418 U.S. 676, 94 S.Ct. 3039, 41 L.Ed.2d 1033; Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439. The Court in Levy held that Articles 133 and 134 of the UCMJ withstand a constitutional challenge on grounds of vagueness, although there may be areas of uncertainty under both articles. The opinion then goes on to find that the conduct for which Levy was prosecuted falls within the range of conduct which is governed by Articles 133 and 134 without vagueness or imprecision. Levy was reaffirmed less than a month later in Avrech, where the Court held that Article 134 of the UCMJ is constitutional on its face, relying on Levy. We find these two decisions to be clearly dispositive of Kehrli's claim of facial invalidity of Article 134.
 
 
 29
 The application argument is intermixed with the several separate constitutional points considered above, and no separate discussion is required here. We find no unconstitutional aspect in its application to the charges against Kehrli.
 
 
 30
 The district court followed a rationale similar to that used in Levy in holding that Article 134 by itself, and as fleshed out by the Manual for Courts-Martial, was fair notice to Colonel Kehrli that use, possession, and transfer of marijuana was prohibited thereunder. The trial court noted further that Article 137 of the UCMJ would require Colonel Kehrli to explain the provisions of Article 134 to his enlisted personnel at regular intervals. Kehrli has never claimed that he in fact did not know that use of marijuana was a violation of Article 134. The district court concluded: "A person of ordinary intelligence, having the background of Colonel Kehrli, would have fair notice of what conduct was proscribed by Article 134, and would have known that the specific conduct was prohibited." We agree that the use of marijuana, which is specifically mentioned in Paragraph 213b of the Manual for Courts-Martial, and for which a maximum penalty is prescribed in the Manual's Table of Maximum Punishments, Paragraph 127c, may be constitutionally prosecuted under Article 134 UCMJ.
 
 
 31
 Appellee argued in the district court on the partial remand, although it is not now argued on appeal, that the issue of constitutionality of Article 134, facially and as applied, could not be raised because it was never raised in the military courts. Thus, appellee stated that the court was precluded from consideration of the constitutionality issue by the doctrines of waiver, exhaustion, and the scope of review of the civilian courts. The district court on remand held, we feel correctly, that the issue was properly before the court since it would have been futile to raise it in the military courts prior to the Circuit Court decisions in Avrech and Levy. It appears that at this point it is not possible for Kehrli to go back to the military courts to present this claim. Exhaustion and waiver would thus appear not to be applicable. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. We mention this point now because of the decision of the Supreme Court in Schlesinger v. Councilman, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591. Although that case involved intervention by means of an injunction in a court-martial proceeding by a civilian court before the court-martial took place, the opinion appears to require complete exhaustion of military remedies before allowing civilian courts to consider a claim. Because of the recent decisions in Levy and Avrech, we do not read Councilman to preclude our consideration of the question of constitutionality of Article 134.
 
 
 32
 We have considered all of the points raised on the consolidated appeals. The decisions of the district court denying appellant's petition for writ of habeas corpus are
 
 
 33
 Affirmed.