UNITED STATES, Plaintiff, Appellee,

v.

**PARCEL OF LAND WITH BUILDING, APPURTENANCES AND IMPROVEMENTS, KNOWN AS WOBURN CITY ATHLETIC CLUB, INC. at 5 Sylvan Road, Woburn, Massachusetts, Defendant, Appellant.**

No. 90–1752.

United States Court of Appeals,
First Circuit.

Heard Jan. 7, 1991.

Decided March 12, 1991.

Rehearing and Rehearing En Banc
Denied May 14, 1991.

Walter E. Palmer, with whom Palmer & Simcock, Brookline, Mass., were on brief for defendant, appellant.

Laurie J. Sartorio, Asst. U.S. Atty., Swampscott, Mass., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief for plaintiff, appellee.

Before SELYA, Circuit Judge, and ALDRICH and BOWNES, Senior Circuit Judges.

BOWNES, Senior Circuit Judge.

There are two basic issues in this forfeiture appeal: (1) whether we have jurisdiction to decide the appeal brought by defendant/claimant/appellant Woburn City Athletic Club, Inc.; and if we do, (2) whether the district court abused its discretion in denying claimant's motion for relief from judgment brought under Fed.R.Civ.P. 60(b)(6).

## I. PROCEDURAL HISTORY

In order to understand the issues, it is necessary to state in some detail the procedural history of the case. Acting pursuant

to 21 U.S.C. § 881(a)(7),[1] the government filed a forfeiture complaint on June 30, 1989, against the property in Woburn, Massachusetts, owned by claimant. The complaint was supported by a ten and one-half page affidavit by Special DEA Agent Damian P. Farley setting forth, with great particularity, facts from which it could reasonably be found that officers, directors, members and employees of the Club were dealing in cocaine on the premises of the Club and were using the Club premises for the storage and concealment of cocaine. Farley's affidavit was confirmed by an affidavit of Inspector William M. Jewer of the Woburn Police Department, who conducted the investigation reported in Farley's affidavit. On the same day the forfeiture complaint was filed, June 30, 1989, the district court endorsed and issued a warrant and motion to the United States Marshal for the district of Massachusetts, or his deputies, ordering that the real estate owned by the claimant be seized and notice thereof be given to all interested parties.

On July 17, 1989, several documents were filed on behalf of the claimant: William H. O'Shaughnessy filed an appearance on behalf of claimant; an unsigned answer was filed on behalf of claimant; a claim of trial by jury was filed by Attorney O'Shaughnessy on behalf of claimant. In addition to these filings, a notice of claim was filed on July 17, 1989. The notice of claim was signed: "David Kineen, Authorized Agent for the Woburn City Athletic Club 5 Sylvia Road Woburn, MA." The notice of claim stated that the Club is a charitable corporation; that it is "the owner of record title of the subject property pursuant to Rule C(6) of the Supplemental Rules of Admiralty and Maritime Claims"; and that the Woburn Five Cents Savings

Bank holds a small mortgage on the property.

On July 18, 1989, the district court issued a scheduling order requiring, *inter alia*, that:

(3) motions for summary judgment are to be filed within twenty (20) days after completion of the necessary discovery, responses are to be filed within fourteen (14) days thereafter pursuant to Local Rule 17 and all filings must conform to the requirements of Local Rule 18;

(4) discovery is to be completed within six (6) months from the date of this Order or from the date of the Court's decision on dispositive motions, unless shortened or enlarged by Order of this Court.

No discovery was conducted or asked for by claimant. The United States filed a motion for summary judgment on January 5, 1990. There was no opposition to the motion, and it was granted on February 12, 1990.

On February 20, 1990, claimant moved to vacate judgment stating that "it *never received* notice or copy of plaintiff's Motion for Summary Judgment, as indicated in the attached affidavit." (Emphasis in original). Accompanying the motion to vacate judgment was an affidavit by William O'Shaughnessy stating: that he was attorney of record for the claimant; that he never received notice of the motion for summary judgment; that the only notice he received was the one granting summary judgment; and that there is a meritourious [sic] defense to the action and to the motion for summary judgment. On March 12, 1990, the district court denied the motion to vacate judgment, stating:

While counsel has claimed he did not receive any notice of the summary judg-

---

1. 21 U.S.C. § 881(a)(7) provides:

**§ 881. Forfeitures**
**(a) Property subject**
   The following shall be subject to forfeiture to the United States and no property right shall exist in them:
   (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

ment motion, the complaint and supporting affidavit sets out the facts showing that the premises were used to facilitate the distribution of cocaine and, therefore, were subject to forfeiture. The answer was not specific; no discovery was conducted and no dispositive motion was filed. In short, the claimant has taken no action to dispute any of the allegations made in the affidavit or to suggest any defense to the action. Nor does it indicate in its present motion what defense it would proffer as meritorious. *United States v. One 1974 Porsche 911-S Vehicle*, 682 F.2d 283 (1st Cir. 1982).

Accordingly, the motion to vacate is denied.

On March 21, 1990, claimant moved to extend for an additional thirty days time to file an opposition to the motion for summary judgment. The motion was denied without comment on April 6, 1990. Final judgment was entered by the district court on April 19, 1990. The final judgment described the real estate as per the deed to claimant. Shortly after the sixty-day appeal period had expired on June 18, 1990, eviction proceedings were commenced and an auction of the property was scheduled for August 16, 1990.

New counsel for claimant appeared in late July. He filed a motion, dated July 24, 1990, for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). A motion, dated July 26, asking for a stay of the final judgment pending disposition of the Rule 60(b)(6) motion, was also filed. Both motions were denied by the court "for reasons stated in plaintiff's opposition." Claimant timely appealed the denial of the Rule 60(b)(6) motion. On August 6, 1990, we granted a stay of the final judgment of the district court, the eviction proceedings and the scheduled auction.

## II. JURISDICTION

The government argues that we lack jurisdiction to decide this case. Its position is based on generally accepted civil forfeiture principles. The first is that because the action is *in rem*, not *in personam*, jurisdiction of the court turns on the location of the *res* and the district court's control over it. It follows that the district court's jurisdiction is dependent on its continuing control over the property. *United States v. Tit's Cocktail Lounge*, 873 F.2d 141, 143 (7th Cir.1989); *United States v. $2,490.00 in U.S. Currency*, 825 F.2d 1419, 1420 (9th Cir.1987). A third principle on which the government relies is that the district court's control over the *res* can be protected by a stay of the district court judgment pending appeal. *United States v. $2,490.00 in U.S. Currency*, 825 F.2d at 1420; *United States v. 66 Pieces of Jade & Gold Jewelry*, 760 F.2d 970, 973 (9th Cir.1985).

The government's argument is a straightforward application of these principles. Final Judgment was entered by the district court in April 1990. No appeal was taken nor was there a timely request for a stay of the district court's judgment. Preparations by the United States Marshal for eviction and an auction of the property were commenced. *Ergo*, the district court lost control over the property, and we have no jurisdiction to hear this appeal.

Claimant's position, however, is not without merit. Its argument is that the district court has jurisdiction over the *res* while it remains in the custody of the United States Marshal. Claimant points out that it moved for relief from judgment on July 24, 1990, prior to the start of eviction proceedings and the sale of the property. And there is case support for claimant's contention. *United States v. 66 Pieces of Jade & Gold Jewelry*, 760 F.2d 970, involved property that was turned over to the United States Customs Service by the United States Marshal following a judgment of forfeiture. The court held that "jurisdiction in a forfeiture action is defeated when the property in question, the *res*, is removed from control of the court." *Id.* at 972–973. It can be cogently argued that control was not lost by the court and execution did not occur until the jewelry was released by the Marshal to the customs personnel. *See also United States v. $2,490.00 in U.S. Currency*, 825 F.2d at 1421, where execution did not occur until

the currency was deposited into the United States Treasury.

In order to determine whether there is jurisdiction, we must decide whether the district court did lose control over the *res.* This is not an easy chore.

An even more thorny problem has been brought to our attention by the government. A recent Fourth Circuit case questions and criticizes the *in rem* jurisdiction principles. Relying on the dissent of the late Judge Vance in *United States v. One Lear Jet Aircraft,* 836 F.2d 1571 (11th Cir.) (en banc), *cert. denied,* 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 881 (1988), the court held:

> We conclude that invocation of the *in rem* rule is particularly inapposite to defeat jurisdiction in a government-initiated civil forfeiture action. As noted by Judge Vance in *One Lear Jet,* "[f]orfeiture actions are unique in that they are the only proceedings where the government may confiscate private property on a mere showing of probable cause.... to [then] eliminate the right of appeal, the most important safeguard against abuse, is indeed a drastic step." 836 F.2d at 1578 (Vance, J., dissenting). Unlike the typical case where the defendant ship stealthily absconds from port and leaves the plaintiff with no *res* from which to collect, here the defendant *res* is in the possession of the United States and thus in no danger of disappearing. Because the *res* is unlikely to disappear, we see no reason to require the claimant to file a stay of execution or a supersedeas bond in a civil forfeiture action, because such bonds are typically filed to protect the interests of the party that prevailed in the district court. Having prevailed below, the government, if it wins on appeal, is assured of execution regardless of whether Baxter files a bond or stays execution of the judgment.

*United States v. $95,945.18, U.S. Currency,* 913 F.2d 1106, 1109 (4th Cir.1990) (footnotes omitted).

■ Fortunately, we do not have to hack our way through this jurisdictional bramble bush. The Court has blazed a path around a jurisdictional nettle: when the case can alternatively be resolved on the merits in favor of the same party, difficult questions of jurisdiction can be avoided by reaching the merits. *Norton v. Mathews,* 427 U.S. 524, 532, 96 S.Ct. 2771, 2775–76, 49 L.Ed.2d 672 (1976); *Secretary of the Navy v. Avrech,* 418 U.S. 676, 94 S.Ct. 3039, 41 L.Ed.2d 1033 (*per curiam*), *reh'g denied,* 419 U.S. 885, 95 S.Ct. 156, 42 L.Ed.2d 129 (1974). This circuit has taken full advantage of the alternate route laid out by the Court. *See Caribbean Transp. Sys. Inc. v. Autoridad De Las Navieras,* 901 F.2d 196, 197 (1st Cir.1990); *Kaiser v. Armstrong World Indus., Inc.,* 872 F.2d 512, 514 (1st Cir.1989); *Robinson v. Department of Public Utils.,* 835 F.2d 19, 21 (1st Cir.1987). We, therefore, explain why the government easily prevails on the second issue.

## III. THE DENIAL OF CLAIMANT'S MOTION FOR RELIEF UNDER FED.R.CIV.P. 60(b)(6)

■ We start with the pertinent language of Fed.R.Civ.P. 60(b).

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year

after the judgment, order, or proceeding was entered or taken.

It is evident from the words of the Rule that (b)(6) applies only to grounds for relief not covered in the first five subdivisions of the rule. *See Liljeberg v. Health Services Acquisition Corp*, 486 U.S. 847, 863 n. 11, 108 S.Ct. 2194, 2204 n. 11, 100 L.Ed.2d 855 (1988); *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 389–90, 93 L.Ed. 1099 (1949). Obviously, reasons (2), (3), (4) and (5) do not apply.

The government argues that the (b)(6) motion is based on the "excusable neglect" reason of (b)(1) and should be denied on that ground. In fact, it is not "excusable neglect" but inexcusable neglect by its former attorney that claimant asserts as one of its reasons for the (b)(6) motion.[2] We also note that the (b)(6) motion was filed well within one year from the date of judgment. The motion is not an attempt to avoid the one-year time bar of (b)(1). We think, therefore, that we should address the reasons asserted by claimant for bringing the motion for relief from judgment under Fed.R.Civ.P. 60(b)(6).

We start our analysis by observing that the standard of review is abuse of discretion. *Ojeda–Toro v. Rivera–Mendez*, 853 F.2d 25, 28 (1st Cir.1988); *United States v. Berenguer*, 821 F.2d 19, 20 (1st Cir.1987); *Lepore v. Vidockler*, 792 F.2d 272, 274 (1st Cir.1986).

Claimant asserts that based on the merits of the case, it is entitled to relief from judgment. The reasons given are: that it should not be held vicariously liable for the acts of its agents; that its agents were acting outside of the scope of their employment; that as the innocent owner of the property, it, not the wrongdoers, will be harmed. The short answer to this array is that we are foreclosed from considering it. "[O]ur review is limited to the denial of the contested motion itself; we may not consider the merits of the underlying judgment.... Plaintiff may not use Rule 60(b) as a substitute for a timely appeal under Rule 4(a)(1) of the Federal Rules of Appellate Procedure." *Ojeda–Toro*, 853 F.2d at 28; *see also Lepore*, 792 F.2d at 273–74, and cases cited therein.

Having said this, we must recognize that the merits of the case inevitably come into the picture when a Rule 60(b)(6) motion is considered. In exercising its discretion under Rule 60(b), the district court must look, *inter alia*, to whether the party seeking relief has a potentially meritorious claim or defense.

The district court did not abuse its discretion in denying the (b)(6) motion. Claimant has not denied the facts set forth in detail in the lengthy affidavit of DEA Agent Farley. His uncontradicted affidavit, which was supported by the local police officer who conducted the cocaine trafficking investigation, established that the Club's then-current and former presidents, its treasurer, manager and secretary, first assistant president-elect and a number of its employees used the Club premises for the distribution of cocaine. Because these facts were not disputed, the government has proved that the property is subject to forfeiture.

■ Another argument made by claimant is that relief should be granted "because of the extraordinary circumstances of the case and because extreme hardship" will result to claimant if relief is not granted. It is recognized that extraordinary circumstances may warrant relief under 60(b)(6). *Klapprott v. United States*, 335 U.S. at 613, 69 S.Ct. at 389–90; *United States v. Baus*, 834 F.2d 1114, 1123 (1st Cir.1987). We do not find the circumstances here to be of the type that warrants relief. *Klapprott* involved a default judgment depriving petitioner of his United

---

**2.** It could be argued that the first motion to vacate judgment, brought by claimant's former attorney, was brought under Rule 60(b)(1) although not so stating. The allegation of lack of notice of the motion for summary judgment, *supra* at 2–3, could be construed as an implicit reliance on the "surprise" or "excusable neglect" reasons of 60(b)(1). Claimant, however, has not appealed the denial of this motion. We think it prudent, nevertheless, to note our agreement with the reasons stated by the district court for its dismissal of the motion. *Supra* at 3.

States citizenship. The petitioner had been held in jail four and one-half years on charges that the government was unable to sustain; he was deprived of his citizenship without a hearing because at the time he was without funds to hire a lawyer. The Court invoked Rule 60(b) to set aside the default and grant petitioner a hearing on the merits.

This court has granted such " 'extraordinary relief' " under 60(b)(6) only in " 'exceptional circumstances.' " *Rodriguez–Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 3 (1st Cir.1989) (quoting *Lepore*, 792 F.2d at 274). In *Baus*, 834 F.2d at 1123, we found extraordinary circumstances justifying relief from the execution of a judgment against the guarantors of a loan from the Economic Development Administration. The government had allegedly breached an earlier settlement agreement, a " 'most solemn undertaking' " made "under the eyes of the court." We deemed this an extraordinary circumstance in accord "with the purpose of Rule 60(b)(6)." *Id.* at 1124 (quoting *Warner v. Rossignol*, 513 F.2d 678, 682 (1st Cir.1975)). The circumstances in this case do not resemble in the slightest either *Klapprott* or *Baus*. The only extraordinary aspect of this case is that the claimant's premises were used so long and so openly for dealing in cocaine.

■ The final argument of claimant is that Rule 60(b)(6) should be applied because of the gross neglect of its former counsel. Such a claim has generally been rejected by the Supreme Court:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice

of which can be charged upon the attorney." *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955.

*Link v. Wabash R.R.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (footnote omitted). We have followed this teaching. *See Ojeda–Toro*, 853 F.2d at 30 (all parties are bound by the acts of their attorneys). There are rare occasions where gross neglect by an attorney "may be characterized as an extraordinary circumstance requiring relief [under 60(b) ]." *Chang v. Smith*, 778 F.2d 83, 86 (1st Cir. 1985). *See also Rodriguez–Antuna*, 871 F.2d at 3; *Ojeda–Toro*, 853 F.2d at 31. This is not one.

Claimant's new counsel has made a valiant effort to save the claimant's premises from forfeiture, but he cannot prevail against the facts and the law. Forfeiture of the premises may proceed.

*Affirmed.*

BAILEY ALDRICH, Senior Circuit Judge, dubitante.

Very regretfully, I am unhappy with the court's single sentence abrupt dismissal of defendant's offered defense on the merits, apparently supported by the later observation that defendant's officers' conduct was "open." As to this last, I note that defendant's affidavit that all non-operating club members were unaware is uncontradicted. How great is the difference between secret misbehavior of one officer, that obviously would not bind the corporation, and secret misbehavior of all the officers? One has an instinctive feeling that there should be a difference, and I will not quite say that defendant showed a "potentially meritorious defense," but I think that it at least came very close.