44 F.3d 1023
 310 U.S.App.D.C. 134
 TRANSCAPITAL FINANCIAL CORPORATION and American Capital
Corporation, Appellants,
v.
DIRECTOR, OFFICE OF THRIFT SUPERVISION, as Successor to the
Federal Home Loan Bank Board, In His Official Capacity and
the Federal Deposit Insurance Corporation, as Successor to
Federal Savings & Loan Insurance Corporation, Appellees.
 No. 93-5260.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Nov. 2, 1994.
Decided Jan. 27, 1995.
Suggestion for Rehearing In Banc
Denied April 20, 1995.
 
 On Appeal from the United States District Court for the District of Columbia (No. 90cv1678).
 Vincent J. Colatriano, Washington, DC, argued the cause for appellants. With him on the briefs was Charles J. Cooper, Michael A. Carvin and Robert J. Cynkar, Washington, DC, entered their appearance for appellants.
 Douglas Letter, Counsel, U.S. Dept. of Justice, Washington, DC, argued the cause for appellees. With him on the briefs were Frank W. Hunger, Asst. Atty. Gen., Eric H. Holder, Jr., U.S. Atty., Edward T. Swaine, Atty., U.S. Dept. of Justice; Douglas H. Jones, Acting Gen. Counsel, and Thomas A. Schulz, Asst. Gen. Counsel, F.D.I.C., Thomas J. Segal, Deputy Chief Counsel, Aaron B. Kahn, Asst. Chief Counsel, and Kerry W. Kircher, Atty., Office of Thrift Supervision, Washington, DC.
 Before SILBERMAN, BUCKLEY and TATEL, Circuit Judges.
 Opinion for the Court filed PER CURIAM.
 
 PER CURIAM:
 
 1
 Appellants Transcapital Financial Corporation and American Capital Corporation, holding companies of the now-defunct Transohio Savings Bank, challenge the district court's dismissal with prejudice of appellants' takings claim against the Office of Thrift Supervision ("OTS") and the Federal Deposit Insurance Corporation ("FDIC"). The FDIC cross-appeals the district court's dismissal without prejudice of appellants' contract claims against it. We initially disposed of this appeal in an unpublished memorandum issued November 23, 1994. Appellants then moved for publication, arguing that the decision clarifies this court's previous opinion in the same case, Transohio Savings Bank v. Director, Office of Thrift Supervision, 967 F.2d 598 (D.C.Cir.1992). We will not repeat the extended statement of the facts found in the Transohio opinion. See id. at 600-06.
 
 
 2
 In Transohio we explained that the Ramirez exception (see Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1527 (D.C.Cir.1984) (en banc), vacated on other grounds, 471 U.S. 1113, 105 S.Ct. 2353, 86 L.Ed.2d 255 (1985)) permitted a United States District Court to exercise jurisdiction over a takings claim for injunctive relief when the monetary compensation available exclusively in the Federal Court of Claims would be wholly inadequate to compensate the complainant for the alleged taking. 967 F.2d at 613. We found no need for the district court to decide on remand whether Appellants' takings claim against the OTS and the FDIC fell within this jurisdictional exception, however, because we had independently determined that in any event Appellants could not prevail on the merits of their takings claim for injunctive relief. Id. at 613-14.
 
 
 3
 On remand, the district court nevertheless determined that it had jurisdiction over Appellants' takings claim, citing our discussion of the Ramirez exception. But by the time of the district court's jurisdictional determination, the OTS had placed Transohio Savings Bank into receivership, thereby rendering moot Appellants' claims for injunctive relief. Therefore, the Ramirez exception simply could not apply.
 
 
 4
 Appellees do not appear to contest this analysis, as they do not argue that the district court's resolution of the jurisdictional issue was correct. Rather, they argue only that the proper resolution of the jurisdictional issue is "unclear," both because of this Court's Transohio decision and because of the Supreme Court's decision last Term in FDIC v. Meyer, --- U.S. ----, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Appellees therefore urge this court to "bypass" the issue of jurisdiction and affirm the district court's judgment in their favor because in light of the Transohio opinion "a 'decision on the merits is ... foreordained' " (quoting Secretary of the Navy v. Avrech, 418 U.S. 676, 678, 94 S.Ct. 3039, 3040, 41 L.Ed.2d 1033 (1974); see Burlington Northern R.R. Co. v. ICC, 985 F.2d 589, 593 (D.C.Cir.1993)).
 
 
 5
 As we explained above, any uncertainty that may have existed at the time of our Transohio decision over whether the Ramirez exception sufficed to establish district court jurisdiction over Appellants' takings claim for injunctive relief has now been completely eliminated. That Appellants' complaint also contained an alternative prayer for rescission, restitution and "other and further relief" is not material to our analysis of whether Ramirez could have provided a basis for district court jurisdiction after the bank's seizure. These alternatives did not pertain to Appellants' takings claim, which sought only prospective relief. For purposes of this appeal, we reject the argument that Meyer renders the jurisdictional issue so complicated that we should proceed to the merits.
 
 
 6
 We also note that precisely because the United States District Courts do not have jurisdiction over takings claims for compensation in excess of $10,000, our prior Transohio decision did not limit, and indeed could not have limited, Appellants' right to seek compensation in the Federal Court of Claims. Rather, the takings analysis in the Transohio opinion, including the statement that "Transohio cannot prevail on its takings claim on the merits," 967 F.2d at 614, was solely concerned with Appellants' ability to obtain injunctive relief, as is evident from the opinion's repeated explanations that Transohio "did not receive from the banking regulators a right that defeats Congress' power to change the law on goodwill accounting." Id. at 613; see id. at 601, 624. That analysis has no bearing one way or the other on the merits of Appellants' claim for compensation in the Federal Court of Claims.
 
 
 7
 Accordingly, we vacate the district court's judgment in favor of Appellees on the merits of Appellants' takings claim, and we remand the case with instructions to dismiss the takings claim without prejudice for lack of subject-matter jurisdiction. We also reject the FDIC's efforts to cross-appeal the district court's dismissal without prejudice of Appellants' contract claim against the FDIC. Such an appeal is not proper in the absence of a notice of cross-appeal, as the FDIC admits, and we will not waive this requirement in these circumstances. Whatever technical deficiencies may have existed in the district court's apparent failure to comply with the separate judgment rule, see Fed.R.Civ.P. 58 and 79(a), this failure did not give rise to the confusion and uncertainty that we relied upon in waiving the cross-appeal notice requirement in Spann v. Colonial Village, Inc., 899 F.2d 24, 33 (D.C.Cir.), cert. denied, 498 U.S. 980, 111 S.Ct. 508, 509, 112 L.Ed.2d 521 (1990).
 
 
 8
 So ordered.