**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DARCY M. AVES, a minor, by and
through Dan J. Aves and Faye E.
Aves, her mother and father, natural
guardians and next friends; DARCY
M. AVES, individually; and, DAN J.
AVES and FAYE E. AVES,
individually,

      Plaintiffs - Appellants,

vs.

NASREEN B. SHAH, M.D.,

      Defendant - Appellant,

and

RON TODD, Commissioner of
Insurance of the State of Kansas, as
Administrator of the Health Care
Stabilization Fund,

      Garnishee - Appellee.

No. 96-3063
(D.C. No. 88-1669)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, LOGAN, and KELLY, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After a jury verdict of over $21 million in a medical malpractice claim against Dr. Nasreen Shah was upheld on appeal, Plaintiffs Darcy Aves and her parents, Dan and Faye Aves, brought a garnishment action to collect on the judgment against Defendant Ron Todd, in his capacity as the Commissioner of Insurance of the State of Kansas and Administrator of the Kansas Health Care Stabilization Fund (the Fund). During the relevant period, Dr. Shah carried primary and excess medical malpractice insurance through the Fund. Pursuant to the judgment, the Fund paid the Plaintiffs up to the statutory limit established for primary and excess coverage. The Plaintiffs claim that the Fund is liable to them for bad faith, for failure to settle their claim against Dr. Shah in good faith, and for negligent failure to settle.

The district court certified several questions of state law to the Supreme Court of Kansas, which ruled that the Fund was not liable for bad faith claims. Aves v. Shah, 906 P.2d 642 (Kan. 1995). The Supreme Court of Kansas held that Kan. Stat. Ann. § 40-3403(e),[1] which took effect on July 1, 1984, and § 40-3412(c),[2] which was enacted in 1976, abolished the causes of action under which

---

[1]     Kan. Stat. Ann. § 40-3403(e) (1996) provides: "In no event shall the fund be liable to pay in excess of $3,000,000 pursuant to any one judgment or settlement against any one health care provider relating to any injury or death arising out of the rendering of or the failure to render professional services on and after July 1, 1984, and before July 1, 1989 . . . ."

[2]     Kan. Stat. Ann. § 40-3412(c) (1993) provides: "Nothing herein shall be construed to impose any liability in the fund in excess of that specifically

the Plaintiffs now seek relief. Following the State Supreme Court's ruling, the district court granted the Fund's motion to dismiss. The Plaintiffs appeal from that judgment, and argue that the Kansas statutes relied upon by the Supreme Court of Kansas violate the Contract, Due Process, and Equal Protection Clauses of the United States Constitution.

Because we find the Plaintiffs' claims under the Federal Constitution to be without merit, we do not reach the issue of whether the Eleventh Amendment bars their claims. We may assume jurisdiction in case where the jurisdictional issues are difficult and the merits clearly and obviously run against the party seeking jurisdiction. Norton v. Matthews, 427 U.S. 524, 532 (1976); Secretary of the Navy v. Avrech, 418 U.S. 676, 677-78 (1974). Thus, we assume jurisdiction under 28 U.S.C. § 1291, and affirm. Our review of a dismissal for failure to state a claim is de novo. Kidd v. Taos Ski Valley, 88 F.3d 848, 854 (10th Cir. 1996).

In order to establish a violation of the Contract Clause, the Plaintiffs must demonstrate as an initial matter that a contractual relationship existed at the time of the challenged enactment. General Motors Corp. v. Romein, 503 U.S. 181, 186 (1992); see National R.R. Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co., 470 U.S. 451, 472 (1985). Assuming that the relationship between Dr. Shah

provided for herein for negligent failure to settle a claim or for failure to settle a claim in good faith."

and the Fund can be construed as a contract, that contract was not in existence at the time the statutes at issue were enacted. As a result, the Plaintiffs cannot establish a violation of the Contract Clause.

The Plaintiffs' Due Process challenge is also unavailing. A State may abolish a common-law cause of action without violating the Constitution, even though "otherwise settled expectations may be upset thereby." Duke Power Co. v. Carolina Envtl. Study Group, 438 U.S. 59, 88 n.32 (1978) (quotations omitted); see Munn v. Illinois, 94 U.S. 113, 134 (1877) ("A person has no property, no vested interest, in any rule of the common law."); see also Silver v. Silver, 280 U.S. 117, 122 (1929), and cases cited therein. The underlying lawsuit was filed in November 1988, long after the statutes which abolished the asserted causes of action took effect. Absent a protected interest, the Plaintiffs had no entitlement to any sort of process. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). The Plaintiffs have also failed to establish a violation of the Equal Protection Clause.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge