Cuthbert O. SIMPKINS, Appellant,

v.

DISTRICT OF COLUMBIA GOVERNMENT, et al., Appellees.

No. 94–5243.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 16, 1996.

Decided March 14, 1997.

Barry Coburn, Washington, DC, argued the cause and filed the briefs, for appellant.

Fred E. Haynes, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were Eric H. Holder, Jr., U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney. John D. Bates, Assistant U.S. Attorney, and Charles L. Reischel, Deputy Corporation Counsel, District of Columbia, Washington, DC, entered appearances.

Before: EDWARDS, Chief Judge, GINSBURG and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

The District of Columbia General Hospital filed a report of "adverse action" with the federally-run National Practitioners Data Bank regarding Cuthbert O. Simpkins, M.D., a doctor who had worked at the hospital.

The report said Dr. Simpkins resigned his staff privileges at the hospital during a review of the quality of care he had been providing. Believing the report harmed his reputation, Dr. Simpkins brought a damage action against the Data Bank, the District of Columbia, four hospital officials, and Louis W. Sullivan, M.D., who had been Secretary of the Department of Health and Human Services at the time of the report. Dr. Simpkins' complaint, filed in D.C. Superior Court, alleged breach of contract, deprivation of due process, libel and slander, intentional infliction of emotional distress, constructive discharge, and civil conspiracy. His first amended complaint added a claim that the defendants had violated 45 C.F.R. § 60.14(a), a regulation stating that the "Secretary will routinely mail a copy of any report filed in the [Data Bank] to the subject individual."

Dr. Sullivan removed the case to the district court. Pursuant to 28 U.S.C. § 2679(d)(2), the United States substituted itself for Sullivan on the common law tort claims. Dr. Sullivan remained a defendant to the extent the complaint asserted constitutional tort claims against him.[1] The district court, granting the joint motion of the United States and Dr. Sullivan under FED.R.CIV.P. 12(b)(6), dismissed all of the claims against these defendants with prejudice. The court dismissed the claims against the Data Bank without prejudice for failure to prosecute. Given the absence of any federal parties, the court refused to exercise supplemental jurisdiction over the rest of the case and dismissed it.

Dr. Simpkins appeals the district court's final judgment only insofar as it dismissed his claims against the United States and Dr. Sullivan with prejudice instead of without prejudice.

## I

### A

■ The defendants' joint motion under FED.R.CIV.P. 12(b) raised several defenses, including lack of jurisdiction over the person

(Rule 12(b)(2)), insufficiency of service of process (Rule 12(b)(5)), and failure to state a claim upon which relief can be granted (Rule 12(b)(6)). Counsel for Dr. Sullivan and the United States doubtless combined these objections in one motion because a party choosing to file a Rule 12(b) motion "must include all defenses and objections then available to him that Rule 12 permits to be made by motion," CHARLES ALAN WRIGHT, THE LAW OF FEDERAL COURTS 434–35 (4th ed.1983). If the party only raises a Rule 12(b)(6) objection, then the party has waived insufficiency of service of process and lack of personal jurisdiction. FED.R.CIV.P. 12(h)(1).

As to Dr. Sullivan, the district court dealt first with his defense that service was insufficient under FED.R.CIV.P. 4(e) because (as Dr. Simpkins conceded) he had not been personally served. Rule 4(e) governs service of process on individuals. Service on a federal "officer" is governed by Rule 4(i)(2), which requires service by certified mail upon not only the officer but also the United States. Was Dr. Sullivan an individual or an officer for the purposes of Rule 4? The district court held that he was being sued as an individual. The court treated the breach of contract and denial of due process claims (counts 1 and 2) against him as *Bivens* claims. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Dr. Simpkins does not contest this view of counts 1 and 2 and we shall assume it to be correct. A *Bivens* suit is an action against a federal officer seeking damages for violations of the plaintiff's constitutional rights. These suits are, the court said, actions against federal officers in their individual capacity, not their official capacity. Relying on *Pollack v. Meese,* 737 F.Supp. 663 (D.D.C.1990), the court therefore held that Rule 4(e) controlled and that personal service was necessary. *Accord Navy, Marshall & Gordon v. U.S. Int'l Development–Cooperation Agency,* 557 F.Supp. 484, 489 (D.D.C.1983); *Deutsch v. U.S. Dep't of Justice,* 881 F.Supp. 49, 52 (D.D.C.1995).

---

1. The Federal Tort Claims Act does not apply to a civil action against a government employee "which is brought for a violation of the Constitu- tion of the United States." 28 U.S.C. § 2679(b)(2)(A).

■ Whether this is a correct view of Rule 4 is a question this court has never specifically addressed. Several statements in our opinion in *Light v. Wolf,* 816 F.2d 746 (D.C.Cir.1987), could suggest that in a *Bivens* suit, the defendant officer should not be treated as an individual and that service must be on the officer and the United States pursuant to what is now Rule 4(e)(2). We said, for instance, that "there must be some connection between the lawsuit and the federal government before [Rule 4(e)(2) ] service is required," *id.* at 748, a condition that always will be met in *Bivens* cases. If there is no such connection, if the officer was not acting under color of law, how could he violate the Constitution? We also mentioned "practical considerations," such as providing government counsel to these defendants early in the lawsuit. Service on the United States facilitates this objective since the summons and complaint must be sent to the United States attorney in the district and to the Attorney General. This "practical consideration" might encompass *Bivens* defendants, who are often represented by Justice Department attorneys. *See* 28 C.F.R. § 50.15(a). There is also the textual point that Rule 4(i)(2) is not framed in terms of the defendant's "official capacity." The rule speaks of service upon an "officer" of the United States, and all *Bivens* defendants fit that description, at least if "officer" includes employee. *See* the Dictionary Act, 1 U.S.C. § 1.

■ On the other hand, every court of appeals that has spoken on the question has decided that defendants in *Bivens* actions must be served as individuals, pursuant to Rule 4(e). *See Armstrong v. Sears,* 33 F.3d 182, 187 (2d Cir.1994); *Micklus v. Carlson,* 632 F.2d 227, 240 (3d Cir.1980); *The Ecclesiastical Order of the Ism of Am v. Chasin,* 845 F.2d 113, 116 (6th Cir.1988); *Robinson v. Turner,* 15 F.3d 82, 84 (7th Cir.1994); *Daly–Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1988); *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1438 (10th Cir. 1994). Although we find the issue close, we shall follow this line of authority in the interest of uniformity. *Bivens* actions are for damages. They cannot be viewed as actions against the government. Unlike official-ca-

pacity suits, the sovereign's immunity from damages is therefore not a defense. *Butz v. Economou,* 438 U.S. 478, 504–05, 98 S.Ct. 2894, 2909–10, 57 L.Ed.2d 895 (1978). If the *Bivens* defendant is found liable, he becomes personally responsible for satisfying the judgment, although in some instances the government may indemnify him. *See* 28 C.F.R. § 50.15(c) (indemnification for Justice Department employees). We do not retreat from the point in *Light v. Wolf* that service on the United States—unnecessary if the defendant is treated under Rule 4(e) as an individual—might facilitate the Justice Department's providing defense counsel. But in *Bivens* cases this advantage is slight. Under current Department of Justice procedures, *Bivens* defendants still have to shoulder the burden of requesting, in writing, that the government provide representation or, in case of a conflict of interest, pay for private counsel. 28 C.F.R. § 50.15(a). The final consideration is that given the large body of law on this issue in other circuits, and the settled practice resulting from the district court decisions in this circuit, we ought to avoid creating a different requirement for serving *Bivens* defendants sued in the District of Columbia.

**B**

■ While the insufficiency of service of process would have warranted the court's dismissing counts 1 and 2 without prejudice, *see* FED.R.CIV.P. 4(m), the court proceeded to evaluate the merits of those counts. *Bivens* claims cannot rest merely on respondeat superior. *Cameron v. Thornburgh,* 983 F.2d 253, 258 (D.C.Cir.1993). The complaint must at least allege that the defendant federal official was personally involved in the illegal conduct. *See also Tarpley v. Greene,* 684 F.2d 1, 9–11 (D.C.Cir.1982). Dr. Simpkins' breach of contract and denial of due process claims did not allege any specific involvement on Dr. Sullivan's part. The district court therefore dismissed them with prejudice for failure to state a cause of action.

■ Dr. Simpkins does not quarrel with the district court's analysis of his complaint. His point is that the court's preliminary rul-

ing on the sufficiency of service should have precluded it from reaching the merits. On his view, once the court decided that Dr. Sullivan had not been properly served, it should have dismissed the claims without prejudice, a disposition that would have allowed Dr. Simpkins to file the same action against Dr. Sullivan again.

The sequence of decision Dr. Simpkins describes—first, determine if service of process has been properly accomplished, and only if it has, proceed to the Rule 12(b)(6) determination—is the usual practice. *Cf. Arrowsmith v. United Press Int'l,* 320 F.2d 219, 221 (2d Cir.1963). But we have sanctioned departures when appropriate. Here, to permit Dr. Simpkins to file another suit containing the same worthless claims would be inconsistent with the duty of the lower federal courts to stop insubstantial *Bivens* actions in their tracks and get rid of them. *See Butz v. Economou,* 438 U.S. at 507–08, 98 S.Ct. at 2911–12; *Harlow v. Fitzgerald,* 457 U.S. 800, 815–18, 102 S.Ct. 2727, 2736–38, 73 L.Ed.2d 396 (1982); *Siegert v. Gilley,* 500 U.S. 226, 233, 111 S.Ct. 1789, 1793–94, 114 L.Ed.2d 277 (1991). Such lawsuits impose undue burdens on the officer being sued, and thus interfere with the operations of the government. *See Crawford–El v. Britton,* 93 F.3d 813, 816 (D.C.Cir.1996). The effect on the government may be greatest when the defendant is still in office. But even if he has left, as has Dr. Sullivan, defending the suit may still demand the assembly of government records, the deployment of government attorneys, the expenditure of government resources, and the time and effort of current employees of the defendant's agency.

Our decision in *Cameron* provided good authority for the district court's treatment of the claims against Dr. Sullivan. We there ordered a *Bivens* action dismissed for failure to state a claim even though venue was improper in the District of Columbia. 983 F.2d at 257–58 & n. 5. With the outcome not in doubt, it made little sense to transfer the case to another jurisdiction pursuant to 28 U.S.C. § 1406, or to dismiss it and allow the plaintiff to refile elsewhere. That would have kept the case alive only until the next court looked it over and found it wanting.

Yet delaying the inevitable would not have been in keeping with the Supreme Court's instruction to the lower federal courts "to weed out" insubstantial *Bivens* suits "expeditiously." *Siegert,* 500 U.S. at 232, 111 S.Ct. at 1793. Dismissing a meritless *Bivens* suit for insufficiency of service of process, like dismissing such a suit for improper venue, also merely postpones the inevitable. Why give the plaintiff the benefit of a second chance?

*Cameron* is hardly the only precedent favoring this treatment of *Bivens* cases. Another line of authority is stronger still. In *Baker v. Director, United States Parole Commission,* 916 F.2d 725, 726 (D.C.Cir. 1990), we sustained a district court's *sua sponte* dismissal of a complaint for failure to state a cause of action because the plaintiff could not "possibly win relief." *See also Best v. Kelly,* 39 F.3d 328, 331 (D.C.Cir.1994). As here, the defendant had not been served when the district court issued its order disposing of the case on the merits. Since a district court has that power in a non-adversary context, it certainly has equal power in this situation, where the plaintiff had a full and fair opportunity to refute the defendant's arguments supporting his Rule 12(b)(6) motion.

## II

What we have just written does not apply to counts 4, 5, 6 and 7 of Dr. Simpkins's complaint. These claims are covered by the Federal Tort Claims Act, 28 U.S.C. § 2679(b), the "FTCA." Once the United States substituted itself for Dr. Sullivan in compliance with 28 U.S.C. § 2679(d)(1), the claims became solely against the United States. Dr. Simpkins was bound to abide by FTCA. 28 U.S.C. § 2679(b), (d)(1), (d)(4). One FTCA requirement is that no action shall be instituted upon a claim against the United States for money damages caused by acts of its employees "unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing...." 28 U.S.C. § 2675(a). As a prerequisite to his suit, Dr. Simpkins thus had to—but did not—file an administrative

claim with the Department of Health and Human Services.

■ The district court noted Simpkins's failure in this regard and ruled that since he "has not complied with the requirements set out in section 2675(a) of the FTCA ... all common law tort claims asserted against the United States are dismissed." Once again, however, the district court did not stop there. Instead the court went to the merits, found them wanting and dismissed these counts on the merits.

We think this was error. This court and the other courts of appeals have treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional. *See, e.g., Odin v. United States,* 656 F.2d 798, 802 (D.C.Cir.1981). And the Supreme Court has held that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993). The district court here thus lacked subject matter jurisdiction, or if not jurisdiction, the functional equivalent of it. With the case in this posture, the court could no more rule in favor of the government than against it.

■ The special considerations we mentioned in discussing *Bivens* actions do not warrant short-circuiting FTCA claims. For one thing, forcing these cases through the administrative process helps sort out not only worthless claims, but also worthy ones, which may be settled at that stage. *See GAF Corp. v. United States,* 818 F.2d 901, 917 (D.C.Cir. 1987). For another thing, the rule is strict that once a court determines that it lacks subject matter jurisdiction, it can proceed no further. *See Arrowsmith,* 320 F.2d at 221; 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350, at 210 & n.28 (2d ed.1990); *see also McNeil,* 508 U.S. at 113, 113 S.Ct. at 1984. If the district court had adjudicated the merits without saying anything about its jurisdiction, and we had *sua sponte* discovered the defect on appeal, we would have vacated and remanded with instructions to dismiss without prejudice. It is of no moment that the government is, understandably, willing to

have us decide the merits; a party cannot waive the absence of subject matter jurisdiction.

There are cases in which federal courts defer resolution of difficult jurisdictional issues and dispose of the case on the merits when the outcome is foreordained. *See, e.g., Secretary of the Navy v. Avrech,* 418 U.S. 676, 94 S.Ct. 3039, 41 L.Ed.2d 1033 (1974); *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1101 (D.C.Cir.1985). This is not such a case. The jurisdictional question was not difficult and the district court did not put off deciding it. Nor is our decision in *Haddon v. Walters,* 43 F.3d 1488 (D.C.Cir.1995), to the contrary, as the government supposes. The details of that case are unimportant here. The plaintiff in *Haddon* invoked a statute that did not entitle him to relief. And so we held that his complaint should have been dismissed, not for lack of jurisdiction, but for failure to state a claim. This is standard jurisprudence. *See Kleiman v. Department of Energy,* 956 F.2d 335, 339 (D.C.Cir.1992).

### III

■ Count 3, which we have yet to pass upon, presents a separate problem. The count is styled "libel and slander." The FTCA explicitly excludes libel and slander from its coverage. 28 U.S.C. § 2680(h). Because the claim falls outside of the FTCA, Dr. Simpkins did not have to file an administrative complaint regarding it. This does not mean, however, that Dr. Sullivan remained liable for the alleged libel and slander. The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, made the FTCA the "exclusive remedy" for such torts by government employees acting within the scope of their duties "even when the FTCA itself precludes Government liability." *United States v. Smith,* 499 U.S. 160, 166, 111 S.Ct. 1180, 1185, 113 L.Ed.2d 134 (1991); *see Nadler v. Mann,* 951 F.2d 301, 305 (11th Cir.1992). In other words, both the United States and federal employees acting within the scope of their duties are immune from common law actions for libel and slander. There is an exception for *Bi-*

*vens* actions against government employees. *See* 28 U.S.C. § 2679(b)(2). But even if we construed count 3 as seeking damages from Dr. Sullivan for a constitutional violation, this would not assist Dr. Simpkins. The Supreme Court has held that a claim of defamation of the sort alleged here "is a tort actionable under the laws of most States, but not a constitutional deprivation" and therefore "is not recoverable in a *Bivens* action." *Siegert v. Gilley,* 500 U.S. at 233–34, 111 S.Ct. at 1794. Since count 3 fails to state a cause of action against the United States or against Dr. Sullivan, the court properly dismissed it with prejudice.

\* \* \*

The district court's judgment dismissing counts 1, 2, and 3 of the complaint with prejudice is affirmed. The court's judgment dismissing the remaining counts with prejudice is reversed, and the case is remanded for entry of a judgment dismissing these counts against the United States without prejudice.