UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                      No. 02-4267

MARK FORESMAN,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CR-01-145)

Argued: February 28, 2003

Decided: May 16, 2003

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** James Orlando Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Virginia, for Appellant. Joseph Evan DePadilla, Assistant United States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

A jury convicted Mark Foresman on one count of possessing a silencer not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d). Foresman now appeals the district court's decisions: (1) to admit testimony of a conversation he had with his wife despite his invocation of the privilege against admission of confidential marital communications; and (2) to deny his motion for a downward departure. For the reasons that follow, we affirm Foresman's conviction and sentence.

I.

Mark Foresman had a long and distinguished military career in the United States Navy, including decorated membership in the Navy SEALs. His personal life, however, has been anything but honorable. In 2001, Mark Foresman's wife, Delores, summoned the Norfolk, Virginia police to her home after Foresman broke into their home despite a preliminary protective order barring him from the residence. At Mrs. Foresman's request, the police searched the house for Foresman and for his weapons, which Mrs. Foresman had asked the police to remove for their children's safety. During their search, Mrs. Foresman informed the police that her husband had hidden an "object" behind a heater in their basement and had given her explicit instructions not to "let anyone find it" should he get into trouble. Mrs. Foresman led the police to the "object," which the police confiscated. The "object," which had been wrapped in a towel and placed in a plastic bag, was a piece of PVC pipe that housed a military silencer belonging to the Navy. Further investigation revealed that the silencer had not been registered to Foresman. Shortly thereafter, a grand jury indicted Foresman for possessing a silencer that had not been registered to him in violation of 26 U.S.C. § 5861(d).

During his criminal trial, Foresman filed a motion *in limine*, seeking to preclude his wife's testimony that he had instructed her to conceal the silencer. After a hearing on the motion, the district court denied the motion. Mrs. Foresman was permitted to testify that she received a call from Foresman and that he instructed her to hide an "item" in the basement. At the end of his criminal trial, the jury convicted Foresman of possessing a silencer not registered to him.

During his sentencing, Foresman moved for a downward departure, arguing that his lengthy and exemplary military service took his case outside the heartland of cases prosecuted under § 5681(d). The district court denied his motion for downward departure and sentenced Foresman to twenty-seven months, the minimum sentence allowed under the sentencing guidelines. In denying Foresman's motion for downward departure, the district court explained that it did not have the legal authority to depart downward because the facts of the case were not sufficient to take it outside of the heartland of cases as required by *Koon v. United States*, 518 U.S. 81 (1996). Foresman then filed this appeal.

## II.

This appeal raises two issues: (1) whether the district court abused its discretion when it permitted Mrs. Foresman to testify regarding her husband's instructions to her to conceal the silencer; and (2) whether the district court erred in refusing to grant Foresman's motion for downward departure. We review the trial court's resolution of the marital privilege issue for abuse of discretion. *See United States v. Hassan El*, 5 F.3d 726, 731 (4th Cir. 1993). An appellate court may not review a district court's refusal to depart downward unless "the district court was under the mistaken impression that it lacked the authority to depart." *United States v. Shaw*, 313 F.3d 219, 222 (4th Cir. 2002) (internal quotation and citation omitted).

## III.

### A.

The district court denied Foresman's motion *in limine*, which sought to preclude Mrs. Foresman from testifying that Foresman had

instructed her in a telephone conversation to hide the "object" or "item" in their basement. After reviewing the law and facts of this case, we conclude that the district court abused its discretion when it admitted Mrs. Foresman's testimony regarding Foresman's instructions to her to conceal the silencer.

It is well established that confidential marital communications are presumptively privileged. *See United States v. Parker*, 834 F.2d 408, 411 (4th Cir. 1987) (explaining that "[i]nformation that is privately disclosed between husband and wife in the confidence of the marital relationship is privileged."). In this case, the government attempts to overcome this presumption by arguing that the marital communication at issue involves a crime in which both Foresman and his wife were joint participants. *See id.* (explaining that marital communications are not protected when the communication concerns the commission of a crime in which both spouses are participants). Mere allegations, however, are insufficient to overcome the confidential marital communication privilege. Indeed, in order to satisfy its burden in this case, the government must demonstrate Mrs. Foresman's complicity in her husband's underlying criminal activity before the district court may properly admit Foresman's conversation regarding the concealment of the silencer. *See United States v. Bey*, 188 F.3d 1, 5 (1st Cir. 1999). There is no evidence in the record, however, that Mrs. Foresman was aware that the PVC pipe housed a silencer. According to Mrs. Foresman's uncontradicted testimony, she never saw what was inside the piece of PVC. As Mrs. Foresman was unaware that her husband even possessed a silencer, she cannot have jointly participated in the crime of unlawful possession. Foresman should have been able to invoke the confidential martial communication privilege to exclude this inculpatory evidence. Accordingly, this Court concludes that the district court abused its discretion by permitting this testimony at trial.

Because we conclude that the district court abused its discretion when it admitted Mrs. Foresman's testimony, we must now determine whether this error was harmless. "An error is harmless when the error does not substantially sway or substantially influence" the jury's verdict. *Cooper v. Taylor*, 103 F.3d 366, 370 (4th Cir. 1996) (internal quotation and citation omitted). Thus, this Court's inquiry is whether, in light of the entire record, Mrs. Foresman's testimony had a "sub-

stantial and injurious effect or influence" in determining the jury's verdict. *Id.* We conclude that it did not.

Under § 5861, it is unlawful for a person to possess a firearm which is not registered to him or her in the National Firearm Registration and Transfer Record. *See* 26 U.S.C. § 5861(d). Thus, to obtain a conviction in this case, the government need only prove that Foresman "knowingly possessed a silencer" and that the silencer was not registered. *See United States v. Moore*, 253 F.3d 607, 609-10 (11th Cir. 2001). Excluding the privileged conversation, the record is replete with testimony from both Foresman and his wife that demonstrates that Foresman "knowingly possessed the silencer."

For example, during her husband's trial, Mrs. Foresman testified that the first time she saw the silencer, she was in the garage with Foresman and watched him "moving it from one point of the garage to the other." She also testified that on a different occasion, she observed Foresman showing the silencer to three other people in the basement of their home. In fact, when Foresman testified in his own defense, he admitted that he was aware that he had a silencer in his home. We conclude, therefore, that in light of the other evidence in the record, the district court's admission of the privileged conversation was harmless because it did not "substantially sway or influence" the jury's conclusion that Foresman knowingly possessed the silencer.

## B.

Having affirmed Foresman's conviction, we now address the denial of downward departure. After reviewing the record, this Court concludes that the district court was aware of its discretion to depart downward but chose not to exercise it in Foresman's case. "We are not permitted to review a district court's refusal to depart downward from the Sentencing Guidelines unless the district court was under the mistaken impression that it lacked the authority to depart." *United States v. Shaw*, 313 F.3d 219, 222 (4th Cir. 2002) (internal quotation omitted).

Although the district court most certainly expressed its discomfort at the government's decision to prosecute Foresman under § 5861, it ultimately concluded that Foresman's extensive and exemplary mili-

tary career did not take his case outside the heartland of cases prose-
cuted under § 5861. To this end, the district court explained: "I don't
believe that the fact that this is an unusual case in which to apply the
[statute] is sufficient to take it out of the heartland and consider the
motion for downward departure under Fourth Circuit precedent." This
statement is sufficient for this Court to conclude that the district court
was aware of its authority to depart downward but simply chose not
to exercise its authority in Foresman's case.

### IV.

For the reasons stated herein, we affirm Foresman's conviction and
sentence.

*AFFIRMED*