**Luqman ABDURRAHMAN, a/k/a Tyrone Tilephus Reid, Appellant**

v.

**David F. ENGSTROM, Assistant General Counsel, Appellee.**

**No. 05–5081.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 13, 2005.

Rehearing En Banc Denied Feb. 15, 2006.

Luqman Abdurrahman, Muskegon, MI, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before GINSBURG, Chief Judge, and SENTELLE and HENDERSON, Circuit Judges.

*JUDGMENT*

PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. It is

ORDERED AND ADJUDGED that the district court's orders filed February 1, 2005 and March 2, 2005 be affirmed. An action may not be brought against the United States pursuant to the Federal Tort Claims Act ("FTCA") unless the claimant has first presented his claim to the appropriate federal agency and the claim has been denied by the agency. *See* 28 U.S.C. § 2401(b); *McNeil v. U.S.,* 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Appellant argues that his October 24, 2003 complaint to the United States General Accounting Office was sufficient to satisfy the FTCA's exhaustion requirement. To satisfy the FTCA's exhaustion requirement, however, an administrative claim must describe the alleged injury with sufficient particularity to allow the agency to investigate and assess the strength of the claim. *See GAF Corp. v. U.S.,* 818 F.2d 901, 919–20 (D.C.Cir.1987). Appellant did not do so and, therefore, the district court properly dismissed the case for lack of subject matter jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.