Andrena D. CROCKETT, Plaintiff,

v.

**MAYOR OF THE DISTRICT OF COLUMBIA et al.,**
**Defendants.**

**Civil Action No. 12-1450 (BAH)**

United States District Court,
District of Columbia.

Filed July 11, 2013

Andrena D. Crockett, Washington, DC, pro se.

Soriya R. Chhe, Kenneth A. Adebonojo, U.S. Attorney's Office for the District of Columbia, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

Beryl A. Howell, United States District Judge

The plaintiff, proceeding *pro se*, filed this action for monetary damages in the Superior Court of the District of Columbia. The named federal defendant, United States Attorney for the District of Colum-

bia, removed the case to this Court under 28 U.S.C. §§ 1442(a)(1),1446, and 2679(d)(2), Not. of Removal of a Civil Action, ECF No. 1, and now moves to dismiss the plaintiff's amended complaint under Federal Rules. of Civil Procedure 12(b)(1) and 12(b)(6). Federal Def.'s Mot. to Dismiss Pl.'s Am. Compl., ECF No. 19. The plaintiff opposes this motion. Pl.'s Opp'n to Def.'s United States Attorney's Office for the District of Columbia, Mot. to Dismiss, ECF No. 24.

Also pending are the motion to dismiss brought on behalf of the District of Columbia Metropolitan Police Department ("MPD") and the District of Columbia Public Library, Defs.' Mot. to Dismiss Pl.'s Am. Compl., ECF No. 16, which the plaintiff has opposed, ECF No. 22, and the "Plaintiff's Consent Motion to Stay Pending Resolution of Motions and Orders in Superior Court," ECF No. 25, which is not opposed.[1] The complaint also names two District of Columbia residents and an attorney licensed in the District of Columbia, Am. Compl. ¶¶ 2-7, who have not joined in the removal and appeared in this Court.

The Amended Complaint, ECF No. 14, contains twelve counts, Count II of which asserts violations of the plaintiff's "4th, 5th, 6th and 8th Amendment" rights, Am. Compl., ¶¶ 46-56; the remainder of the claims alleges various common law tort injuries. Having considered the federal defendant's motion to dismiss and the plaintiff's opposition, the Court finds that it lacks subject matter jurisdiction over the claims against the U.S. Attorney's Office and, therefore, will grant the federal defendant's motion to dismiss under Rule 12(b)(1); *see* Fed. R. Civ. P. 12(h)(3) (re-

---

1. The caption of the plaintiff's motion to stay is misleading since not all of the defendants have consented to the motion. The plaintiff certifies that she conferred or attempted to confer with the defendants about the motion and that "Defendant USAODC consented with

[unspecified] time limitations"; the District of Columbia defendants did not respond "either electronically or via telephone." Pl.'s Mot. at 12. Regardless, whether to stay the proceedings is a decision best left for the Superior Court on remand.

quiring dismissal of a case "at any time" subject matter jurisdiction is found wanting). Since the common law claims against the individual D.C. defendants predominate, and the plaintiff otherwise seeks to stay the proceedings "pending final resolution of orders and motions in the [D.C.] courts ....," Pl.'s Mot. to Stay at 9-10, the Court, having no choice but to dismiss the claims against the removing defendant, will remand what remains of this case to Superior Court.[2] See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see also 28 U.S.C. § 1367(c)(2)(3) (the district court may decline to exercise supplemental jurisdiction over a claim that "substantially predominates over the claim ... over which the district court has original jurisdiction," or where it "has dismissed all claims over which it has original jurisdiction").

## BACKGROUND

On June 22, 2011, the plaintiff was arrested for stealing a wallet she allegedly found in the ladies' room of the Southwest Public Library. Am. Compl. ¶ 10. Following a bench trial in Superior Court, the plaintiff was convicted on November 4, 2011, of second-degree theft. Id. ¶¶ 33, 36. The plaintiff sues the defendants for allegedly violating the Fourth, Fifth, Sixth and Eighth amendments to the Constitution and for "false imprisonment, malicious prosecution, perjury, fraud/false statements/mispresentations/ommissions[sic], neglect of duty, conspiracy, harassment, defamation and slander, [and] intentional infliction of emotional distress." Am. Compl. at 1-2. An examination of the complaint's allegations reveals that the plaintiff is essentially challenging the factual basis of her arrest, prosecution and conviction. See id. ¶¶ 10-36.

## DISCUSSION

■ Sovereign immunity bars lawsuits for money damages against United States agencies and agency components, such as the U.S. Attorney's Office, absent a specific waiver by the federal government. Wilson v. Obama, 770 F.Supp.2d 188, 191 (D.D.C.2011) (citing Clark v. Library of Congress, 750 F.2d 89, 102–04 (D.C.Cir. 1984)). Section 1346(b) of the United States Code "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and rendered itself liable." FDIC v. Meyer, 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (citation, internal quotation marks, and alteration omitted). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80 provides a limited waiver of sovereign immunity where a plaintiff seeks monetary damages against a federal defen-

2. Unless authorized by statute, "bodies within the District of Columbia government" cannot be sued separately from the municipality. Francis v. District of Columbia, 731 F.Supp.2d 56, 67 (D.D.C.2010) (quoting Braxton v. Nat'l Capital Housing Auth., 396 A.2d 215, 216 (D.C.1978)). "[I]t is well settled that the MPD is non sui juris and, therefore, cannot sue or be sued." Heenan v. Leo, 525 F.Supp.2d 110, 112 (D.D.C.2007) (citations omitted). The Court is not convinced that the D.C. Public Library is non sui juris, as the defendants contend. See Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss, ECF No. 16 at 4-5. The defendants cite no authority that holds such to be the case, and the statutory provision they cite, D.C. Code § 1–603.01(17), does not list the D.C. Public Library, as it does the MPD, as a "subordinate agency ... under the direct administrative control of the Mayor." Rather, "the Board of Library Trustees" is listed as an "independent agency ... not subject to the administrative control of the Mayor." Id. § 1–603.01(13) (emphasis added). Thus, whether the D.C. Public Library is capable of being sued in its own name remains an open question that, in light of the remand to Superior Court, this Court will not resolve.

dant for certain common law torts committed by federal employees. *Wilson*, 770 F.Supp.2d at 191 (citing *Roum v. Bush*, 461 F.Supp.2d 40, 46 (D.D.C.2006)); *see* 28 U.S.C. § 2680(h) (listing excluded torts).

■ Jurisdiction is lacking over the plaintiff's constitutional claims in Count II because the United States has not consented to be sued for constitutional torts. *Meyer*, 510 U.S. at 476–78, 114 S.Ct. 996. Jurisdiction is lacking over the plaintiff's remaining common law claims against the U.S. Attorney's Office because the FTCA requires a claimant to exhaust her administrative remedies prior to judicial review by "first present[ing] the claim to the appropriate Federal agency" and obtaining a final written decision or waiting six months after presentment. 28 U.S.C. § 2675(a); *see Tsitrin v. Lettow*, 888 F.Supp.2d 88, 92 (D.D.C.2012) ("FTCA claims may be dismissed for lack of subject matter jurisdiction where the plaintiff does not exhaust necessary administrative remedies under the FTCA, which is a mandatory prerequisite.") (citations omitted). The plaintiff has not stated, let alone shown, that she exhausted her administrative remedies under the FTCA. Hence, her claim against the U.S. Attorney's Office will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C.Cir.2005) (per curiam) (affirming dismissal of unexhausted FTCA claim for lack of subject matter jurisdiction).

For the foregoing reasons, it is this 11th day of July 2013,

**ORDERED** that the Federal Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 19, is **GRANTED**, and the claims against the federal defendant are **DISMISSED** for want of subject matter jurisdiction; it is further

**ORDERED** that this case against the remaining defendants is hereby **RE-**MANDED to the Superior Court of the District of Columbia.