UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON N. WARD III,        )
         )
      Plaintiff,     )
         )
      v.        )      Civ. Action No. 13-1411 (ESH)
         )
STEPHEN VOGEL,      )
         )
      Defendant.   )
_____ )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se* and *in forma pauperis*, sues Stephen Vogel, a former officer of the District of Columbia Metropolitan Police Department (MPD), under 42 U.S.C. § 1983. He claims that Vogel searched his automobile while investigating a traffic accident in violation of the Fourth Amendment's proscription against unreasonable searches and seizures. (*See* Compl. [Dkt. # 4].)

A claim under § 1983 is properly brought against the individual wrongdoer in his personal capacity. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law."); *Brown v. Wilhelm*, 819 F. Supp. 2d 41, 43 (D.D.C. 2011) (§ 1983 claims "are cognizable against the individual in his or her personal capacity only") (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997)). To render a judgment against a defendant in a § 1983 case, the Court must obtain personal jurisdiction. Hence, "[w]ithout valid service of summons or a waiver of service, the Court cannot establish proper venue and personal jurisdiction over the defendants, and the case may

not proceed." *Pollard v. District of Columbia*, 285 F.R.D. 125, 127 (D.D.C. 2012) (quoting *Mann v. Castiel*, 729 F. Supp. 2d 191, 196 (D.D.C. 2010)).

The record shows that since January 6, 2014, the court officers have made efforts to serve Vogel with process at the addresses plaintiff has provided and at a last known address submitted *in camera* by MPD's General Counsel. On August 8, 2014, the Court was notified that the Marshals Service has made four attempts to serve defendant at the last known address without success.[1] Hence, the Court has no choice but to dismiss this case without prejudice. A separate Order accompanies this Memorandum Opinion.

/s/ *Ellen Segal Huvelle*

_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: August 20, 2014

---

[1] The return of service will be filed with defendant's address information redacted.