UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOR LEJI,                                    )
                                                )
            Plaintiff,                          )
                                                )
    v.                                          )    Civil Action No. 16-0105-BAH
                                                )
UNITED STATES DEPARTMENT OF                     )
HOMELAND SECURITY *et al.*,                     )
                                                )
            Defendants.                         )


MEMORANDUM OPINION

The plaintiff, Victor Leji, alleges that for more than fifteen years, the United States

government has "falsely accused" him of being "a terrorist," defamed his name, and monitored,

bullied, harassed, and tracked him "like a criminal[,] blocking me from jobs."  Compl., ECF No. 1-

1 p. 3.  As a result, the plaintiff allegedly has lost more than $300,000 in wages, accumulated

debt that includes $40,000 in child support, and is homeless.  *Id*.

The United States, having removed the plaintiff's complaint from the Superior Court of

the District of Columbia, moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for

lack of subject matter jurisdiction and  Rule 12(b)(6) for failure to state a claim upon which

relief can be granted.  In addition, the United States moves under 28 U.S.C. § 1915(e)(2)(B)(i) to

dismiss the complaint as frivolous.  *See* Def. United States' Mot. to Dismiss, ECF No. 5.  For the

following reasons, the motion will be granted.

The instant complaint presents the same "fanciful allegations" that this Court previously

reviewed under § 1915(e) and found to be frivolous.  *Leji v. Dep't of Homeland Sec.*, No. 15-cv-

00387, 2015 WL 1299361, at *1 (D.D.C. Mar. 17, 2015).  This court cannot exercise subject

matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)

1

("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).  *See Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins").  In addition, the plaintiff's claim for money damages is barred under the doctrine of sovereign immunity because there is no indication that he has exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA").  *See Leji*, 2015 WL 1299361, at *2.  And the FTCA's exhaustion requirement "is jurisdictional."  *Id*. (citing *Abdurrahman v. Engstrom*, 168 Fed. Appx. 445, 445 (D.C. Cir. 2005) (per curiam); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007)).  Accordingly, the United States' motion to dismiss under Rule 12(b)(1) is granted.[1]

/s/ *Beryl A. Howell*

CHIEF JUDGE

DATE:  July 13, 2016

---

[1] A separate Order accompanies this Memorandum Opinion.