**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VALERIE MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  16-1949-RC |
| | ) | |
| | ) | |
| U.S. MARSHALS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), ECF No. 4.  Defendant contends that jurisdiction is lacking because plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA").  Plaintiff has not complied with the Court's November 22, 2016 Order by responding to the instant motion by December 30, 2016, nor has she requested additional time to respond.  Consistent with the advisements in the order, the Court finds that plaintiff has conceded defendant's characterization of her complaint as sounding in tort and its valid argument for dismissal.

Before obtaining judicial review under the FTCA, a plaintiff must "first present the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail," or not finally denied "within six months after it is filed[.]"  28 U.S.C. § 2675(a).  The Court of Appeals has "treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional."  *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing *McNeil v.*

1

*United States*, 508 U.S. 106, 113 (1993); *Odin v. United States*, 656 F.2d 798, 802 (D.C. Cir. 1981)).

Defendant has no record of receiving a claim from plaintiff "arising out of the incident described in the complaint." Decl. of Gerald M. Auerbach ¶ 4, ECF No. 4-2. Plaintiff has offered nothing to the contrary. Consequently, this case will be dismissed without prejudice. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *Simpkins*, 108 F.3d at 371 (noting that "with the case in this posture, the court could no more rule in favor of the government than against it"). A separate order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: January 23, 2017

2