**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PRINCE JONES,                  :
                                     :
          Plaintiff,          :
                                       :
       v.                    :              Civil Action No. 24-2621 (UNA)
                                       :
THE UNITED STATES, *et al*.,    :
                                       :
          Defendants.       :

## MEMORANDUM OPINION

This matter is before the Court on Prince Jones's application to proceed *in forma pauperis* and *pro se* complaint. The Court grants the application and, for the reasons discussed below, dismisses the complaint without prejudice.

Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-2680. The FTCA "is a limited waiver of the United States' sovereign immunity and renders the Federal Government liable to the same extent as a private party for certain torts of its employees committed within the scope of their employment." *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987); 28 U.S.C. § 2674. Still, "the United States may define the terms upon which it may be sued[.]" *GAF Corp.*, 818 F.2d at 904. The FTCA's "jurisdictional grant and waiver of immunity is subject to a number of exceptions," *Tookes v. United States*, 811 F. Supp. 2d 322, 330 (D.D.C. 2011), one of which calls for dismissal of plaintiff's tort claim.

At issue in this case is allegedly false and defamatory information in plaintiff's prison records. *See, e.g.*, Compl. (ECF No. 1) at 4 (page numbers designated by CM/ECF). But the FTCA expressly excepts "claim[s] arising out of . . . slander, [and] misrepresentation[.]" 28 U.S.C. § 2680(h). It is apparent that a defamation claim is barred, given the FTCA's express exclusion of claims arising out of libel and slander. *See Gardner v. United States*, 213 F.3d 735,

1

738 n.1 (D.C. Cir. 2000) (noting that plaintiff's "defamation claim against the United States is barred, because suits for libel or slander are prohibited under the Federal Tort Claims Act"); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371–72 (D.C. Cir. 1997) (finding that "both the United States and federal employees acting within the scope of their duties are immune from common law actions for libel and slander").

An Order will issue separately.


DATE: November 7, 2024                    CARL J. NICHOLS
                                          United States District Judge