**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARCUS E. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-0815 (UNA) |
| | ) |
| TRUMP ADMINISTRATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

Plaintiff, a resident of Taft, Texas, Compl. ¶ 3, alleges that the Trump Administration allowed Elon Musk access to Treasury Department systems, from which Musk "gained access to . . . Social Security numbers, dates of birth, home addresses, credit reports, tax data, and [the] records of every single American," *id*. ¶ 8, including plaintiff, in violation of rights protected under the Fourth Amendment to the United States Constitution, *id*. In addition, plaintiff alleges, staffers of the Department of Government Efficiency "have access to systems relating to health care, which could violate laws on protected health information, such as HIPAA." *Id*. ¶ 9. In Count I of the complaint, plaintiff brings claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl. ¶¶ 10–16. In Count II, plaintiff brings an intentional infliction of emotional distress claim under Texas law. *See id*. ¶¶ 17–18. He demands unspecified general, special, and punitive damages. *See id*. ¶¶ 19–20.

Plaintiff's reliance on 42 U.S.C. § 1983 and *Bivens* is misplaced. Section 1983 applies only if a defendant acts "under color of any statute . . . of any State or . . . the District of

1

Columbia." 42 U.S.C. § 1983. It "does not apply to federal officials acting under color of federal law," *Davis v. U.S. Parole Bd.*, No. 10-cv-0390, 2010 WL 908659, at *1 (D.D.C. Mar. 9, 2010) (citations omitted), as these defendants would have done. The *Bivens* claim fails because it cannot be brought against the United States, federal government agencies, or federal employees in their official capacities, *see, e.g.*, *Witchard v. Surampudi*, No. 24-cv-00296 (DLF), 2025 WL 928708, at *3 (D.D.C. Mar. 27, 2025) (dismissing *Bivens* claims against United States, three federal agencies, a Justice Department attorney, and a federal judge), and there are no factual allegations showing that Musk personally was involved in the violation of Plaintiff's rights such that Plaintiff would have a claim against him in his individual capacity, *see, e.g.*, *Ransom v. Dorko*, No. 23-cv-2601 (RC), 2025 WL 870320, at *5 (D.D.C. Mar. 20, 2025) (dismissing claims against Secretary of Homeland Security and supervisors based on alleged wrongdoing of subordinates); *see also Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("The complaint must at least allege that the defendant federal official was personally involved in the illegal conduct."). The court therefore dismisses Plaintiff's Section 1983 and *Bivens* claims, and without a federal claim, the court declines to exercise jurisdiction over Plaintiff's intentional infliction of emotional distress claim. *See* 28 U.S.C. § 1367(c).

An Order is issued separately.

/s/
RANDOLPH D. MOSS
United States District Judge

DATE: May 22, 2025