## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTHONY BRODZKI, )
 )
          Plaintiff, )
 )
       v. ) Civil Action No. 26-00082 (UNA)
 )
FBI, )
 )
          Defendant. )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, submitted an uncaptioned narrative docketed as a complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses this action.

Plaintiff, a resident of North Richland Hills, Texas, sues the Federal Bureau of Investigation (FBI) "for civil rights personal injury and slander." ECF No. 1 at 1. He seeks $5,000,000 and an injunction to compel the removal of what may be a "police electronic" monitoring device issued by authorities in Las Vegas, Nevada. *Id*. at 1, 2.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.; *see* Fed. R. Civ. P. 8(a) (requiring a party seeking relief in the district court to plead facts that bring the suit within the court's jurisdiction). As a United States agency component, the FBI is immune from suit save "clear congressional consent[.]" *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver

of immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up).

The complaint, such as it is, does not establish a basis for exercising jurisdiction over the claim for injunctive relief. The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), waives the United States' immunity for certain claims seeking money damages. *See id*. §§2674, 2679-80. Before filing suit, however, an FTCA claimant must exhaust administrative remedies by presenting the claim to the appropriate federal agency and obtaining a final written denial of the claim. 28 U.S.C. § 2675(a). If an agency fails to render a decision within six months after the claim is submitted, the claimant may proceed to court "any time thereafter" on what is "deemed" to be "a final denial." *Id*. Nothing suggests that Plaintiff has pursued, much less exhausted, administrative remedies under the FTCA, and in this circuit, the FTCA's presentment requirement is "jurisdictional." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Norton v. United States*, 530 F. Supp. 3d 1, 6-7 (D.D.C. 2021) (collecting cases); *see also Abdurrahman v. Engstrom*, 168 F. App'x 445, 445 (D.C. Cir. 2005) (per curiam) (affirming dismissal of unexhausted FTCA claim for lack of subject-matter jurisdiction). Consequently, this case will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
Date: April 21, 2026                     United States District Judge

2