## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **EDAR ROGLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-2308 (RMC)** |
| ) | |
| **WILLIAM BIGLOW,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

This case is the first of three filed by Edar Rogler, an attorney who is proceeding *pro se*, all of which arise from the same set of facts.[1] Ms. Rogler worked as an associate chaplain for the United States Department of Health and Human Services at the National Institute of Health. In this case, Ms. Rogler alleges that her employment was terminated and that a false document concerning her performance was created in retaliation for her agreeing to testify as a witness in an administrative proceeding before the Equal Employment Opportunity Commission.[2] She sues 13 named federal employees and 25 unnamed Does in their personal capacities seeking money damages for alleged

---

[1] A fourth action arising from the same set of facts is pending in the United States District Court for the District of Maryland. *See Rogler v. Leavitt*, Civil Action No. 07-726 (D. Md.). That case alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Ms. Rogler also filed, voluntarily dismissed, but then appealed, a lawsuit in the District of Maryland alleging violations of the Privacy Act, 5 U.S.C. § 552a. *See Rogler v. HHS*, Civil Action No. 07-1676 (D. Md.). Thereafter she filed another Privacy Act lawsuit with this Court. *See Rogler v. HHS*, Civil Action No. 08-570 (D.D.C.).

[2] Ms. Rogler's Complaint consists of 34 pages, containing over 200 allegations, some of which are brought on behalf of other individuals. Despite the fact that Ms. Rogler is a lawyer, the Court has construed her *pro se* Complaint liberally in her favor. *See Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008).

violations of the First, Fourth and Fifth Amendments to the Constitution,[3] and of 42 U.S.C. § 1985. Defendants move to dismiss. This case will be dismissed because Ms. Rogler has failed to state a claim upon which relief can be granted.

## I. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of the claims against him." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal citations omitted). Rule 8(a) requires a "showing" and not just a blanket assertion of a right to relief. *Id.* at 1965 n.3.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id*. at 1965, and must draw all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A] complaint

---

[3] Ms. Rogler appears to be attempting to state a cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

## II. ANALYSIS

Ms. Rogler alleges that the individual Defendants violated her First, Fourth and Fifth Amendment rights by conspiring to retaliate against her for agreeing to testify as a witness in an administrative proceeding before the EEOC concerning a different employee. Title VII provides a remedy for federal employees who are retaliated against for participating in EEOC proceedings. *See* 42 U.S.C. §§ 2000e-3(a); 2000e-16; *Porter v. Adams*, 639 F.2d 273, 277-78 (5th Cir. 1981) (§ 2000e-16 prohibits retaliation against federal employees for invoking Title VII rights). Indeed, Ms. Rogler has a Title VII lawsuit pending in the United States District Court for the District of Maryland. *See supra* note 1. That remedy is Ms. Rogler's exclusive remedy. *Brown v. GSA*, 425 U.S. 820, 835 (1976). She cannot recast her Title VII retaliation claims as constitutional claims. *Ethnic Employees of the Library of Cong. v. Boorstin*, 751 F.2d 1405, 1414-15, n.12 & 13 (D.C. Cir. 1985). Because that is precisely what she has done here, the Court will dismiss her constitutional claims with prejudice. *See id.* at 1415 ("the district court properly dismissed those constitutional claims that simply restated claims of racial, ethnic or other discrimination cognizable under Title VII, or claims of retaliation for the invocation of Title VII rights"); *cf. Morris v. Wash. Metro. Area Transit Auth.*, 702 F.2d 1037, 1039-40 (D.C. Cir. 1983) (federal employee's first amendment claim for retaliatory discharge prohibited by Title VII would be barred).

Nor can Ms. Rogler recast her Title VII retaliation claims as conspiracy claims redressable under 42 U.S.C. § 1985. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotsky*, 442 U.S. 366, 372-78 (1979) (claims alleging a conspiracy to violate Title VII are not actionable under

§ 1985). Thus, Ms. Rogler's § 1985 claims fail for the same reasons her constitutional claims fail. They too will be dismissed with prejudice.

The Court recognizes that Defendants have argued in the alternative that the Court lacks personal jurisdiction over them and that venue in this judicial district is improper. Nevertheless, because Ms. Rogler's lawsuit is, at bottom, a meritless *Bivens* suit, the Court dismisses her claims on the merits with prejudice. *See Simpkins v. District of Columbia*, 108 F.3d 366, 369-70 (D.C. Cir. 1997); *Cameron v. Thornburgh*, 983 F.2d 253, 257-58 & n.5 (D.C. Cir. 1993). To dismiss for lack of personal jurisdiction or transfer for improper venue "would be inconsistent with the duty of the lower federal courts to stop insubstantial *Bivens* actions in their tracks and get rid of them." *Simpkins*, 108 F.3d at 370.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss [Dkt. # 11]. The Court will deny as moot Plaintiff's Motion to Stay or in the Alternative Leave to Amend [Dkt. # 124] and Plaintiff's Motion for Continuance for Partial and Jurisdictional Discovery [Dkt. # 126]. A memorializing Order accompanies this Memorandum Opinion

Date: April 29, 2009

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge