**Edar ROGLER, Appellant**

v.

**John I. GALLIN, M.D., In his Personal Capacity, et al., Appellees.**

No. 09–5223.

United States Court of Appeals, District of Columbia Circuit.

Nov. 29, 2010.

Edar Rogler, Annapolis, MD, pro se.

Judith A. Kidwell, Esquire, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: TATEL, GARLAND, and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties pursuant to D.C. Circuit Rule 34(j). It is

**ORDERED** and **ADJUDGED** that the district court decisions granting appellees' motions to dismiss are affirmed.

The district court dismissed Rogler's *Bivens* and section 1985 claims, finding them barred by Title VII. *See Rogler v. Biglow*, 610 F.Supp.2d 103 (D.D.C.2009). We need not review the propriety of that ruling, however, since we affirm on the alternative ground of judicial estoppel.

Judicial estoppel empowers a court to prevent "a party [who] assumes a certain position in a legal proceeding, and succeeds in maintaining that position, ... [from] thereafter, simply because his interests have changed, assum[ing] a contrary position...." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quotation marks and citations omitted). Although "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle ... several factors typically inform the decision whether to apply the doctrine ... [including whether] a party's later position [is] clearly inconsistent with its earlier position[,] ... whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled, ... [and] whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51, 121 S.Ct. 1808 (quotation marks and citations omitted). Because the "purpose [of judicial estoppel] is to protect the integrity of the judicial process ... [and] to prevent improper use of judicial machinery ... [it may be] invoked by a court at its discretion." *Id.* at 750, 121 S.Ct. 1808 (quotation marks and citations omitted).

Rogler has asserted clearly inconsistent positions to her benefit, first in the District of Maryland and now in this court. In *Rogler v. Leavitt*, Rogler advanced Title VII claims on the theory that she was a common law employee. *See, e.g.,* Amended Complaint at ¶ 4.a, b, *Rogler v. Leavitt*, No. 07–cv–726 (D.Md. July 2, 2007), ECF No. 29 ("[Rogler] was at all times relevant to this action from August of 2005 to January of 2006 employed by common law by the United States Department of Health and Human Services at The National Institutes of Health. [She] was an employee within the meaning of Title VII...."). Defendant Leavitt successfully moved to dismiss Rogler's claims by convincing the

court that Rogler was, in fact, an independent contractor not entitled to relief under Title VII. *See Rogler v. Leavitt,* No. 07–cv–726 (D.Md. Oct. 12, 2007). Subsequently, Rogler filed a motion "to set aside, amend, alter, or modify" the court's opinion, arguing that since "[a]ll evidence submitted by both parties demonstrates that Plaintiff was a common law employee … there are material jurisdictional facts in dispute." Plaintiff's Motion to Amend Findings and Conclusion in the Court's Memorandum at 1, 9, 13, *Rogler v. Leavitt,* No. 07–cv–726 (D.Md. Nov. 13, 2007), ECF No. 60. Agreeing, the court vacated in part its earlier order granting Defendant Leavitt's motion to dismiss. *See Rogler v. Leavitt,* No. 07–cv–726 (D.Md. Nov. 29, 2007). Following a period of discovery, Rogler secured a substantial settlement, most of which took the form of "compensatory damages." *See* Settlement Agreement at 3, *Rogler v. Gallin,* No. 09–5223 (D.C.Cir. Oct. 6, 2010).

Having secured a substantial settlement in her Maryland Title VII lawsuit, Rogler now adopts a clearly inconsistent position in this court, asserting, "Chaplain Rogler was an independent federal contractor." Appellant's Br. 13. Under Title VII, one cannot be both an "employee" and an "independent contractor." *See Spirides v. Reinhardt,* 613 F.2d 826, 829–30 (D.C.Cir. 1979). Had she claimed to be an "independent contractor" in the Maryland District Court, Rogler's Title VII claims could not have survived Leavitt's motion to dismiss and Rogler would have been unable to secure a settlement. Likewise, if Rogler maintained in this court her previous theory that she was a common law employee, then Title VII would have barred both her *Bivens* claims, *see Ethnic Employees of Library of Congress v. Boorstin,* 751 F.2d 1405, 1415 (D.C.Cir.1985), and her section 1985 claims, *see Great Am. Fed. Sav. & Loan Ass'n v. Novotny,* 442 U.S. 366, 372–78, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979).

Under these circumstances, we conclude that Rogler is judicially estopped from pursuing the case before us now.

Rogler also appeals the district court's dismissal of her First Amended Complaint under Fed. R. Civ. Proc. 8, *Rogler v. Biglow,* No. 07–cv–2308 (D.D.C. Oct. 14, 2008), asking that we order the district court to grant her leave to amend. *See* Appellant's Br. 20. The district court's Rule 8 dismissal was, however, without prejudice since following that dismissal the district court treated Rogler's original complaint as operative. At that time, Rogler could have moved for leave to amend her original complaint. Because the district court dismissed Rogler's First Amended Complaint on Rule 8 grounds without prejudice, that dismissal was not an abuse of discretion. *See Ciralsky v. C.I.A.,* 355 F.3d 661, 669–70 (D.C.Cir. 2004). Accordingly, we affirm the district court's dismissal of Rogler's First Amended Complaint. For the sake of clarity, we add that following the district court's subsequent dismissal of Rogler's original complaint her opportunity to file a motion in the district court seeking leave to amend has now expired.

Given our affirmance of the district court's dismissal of Rogler's two complaints, her remaining arguments are moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.